ROBINSON & DAVENPORT V. STARR.

On an attachment against a non-resident, a garnishee, at the return term failed to answer, and no proceedings were then had as to him, but an order of publication was made as to the defendant in attachment. At the next term, a judgment by default *nisi* was taken against the garnishee. Held, that this was regular, and that there was no discontinuance as to the garnishee.

ROBINSON and DAVENPORT sued out an original attachment in Tuscaloosa Circuit Court against Daniel Stow, trading under the style of Stow, Ellis & Co., he being a non-resident debtor. The attachment was returnable to the fall term 1827, of the Court. The debt was levied in the hands of George Starr, who was summoned to appear and answer as a garnishee to declare how much he was indebted to Stow, the defendant in the attachment. At the return term of the attachment, the plaintiffs filed their declaration againt Stow, and the Court made an order directing publication to be made for six months, requiring the defendant to appear at the next term and defend the action, or the Court would proceed to final judgment against him. At this term, the garnishee did not answer, and no proceedings were had against him, no judgment *nisi* was then taken. At the March term 1828, the garnishee Starr was called by the plaintiffs to appear and answer, but he failed to appear; a judgment *nisi* was then rendered against him for $2227 by default, and a *scire facias* was ordered to issue, calling on him to shew cause at the next term why the judgment should not be made final. The *scire facias* being returned not executed, an *alias* issued, which being executed, the garnishee appeared at March term 1829, and on his motion the judgment *nisi* was set aside, the *scire facias* quashed, and he was discharged by the Court.

It is here assigned for error by Robinson and Davenport, that the Circuit Court erred in setting aside the conditional judgment, and discharged the garnishee Starr on the ground of irregularity in this, that the judgment *nisi* was not taken at the return term of the attachment.

CRABB, for the plaintiffs in error. It is important to settle correctly the point of practice which occurs in this case. It was ruled below that the cause was discontinued

by the omission to take a judgment *nisi* at the first term. JULY 1830
But in so doing, the Court erred. This is a case of original
attachment against a non-resident debtor: in such cases, the Robinson and Davenport v. Starr.
statute requires a stay of all proceedings, for a period not
shorter than six months, so that notice by publication may
be given to the defendant of the proceedings had against
him.[a] In this case the Court ordered the publication, con- a Laws of Ala. 14 16, Sec. 9, 12, 13.
tinued the cause, and thereby did stay the proceedings.
The statute requires a stay of all progress; the garnishment
is a part of the proceeding, and is staid as much as any
other part. The proceedings against the garnishee must
abide the event of those against the defendant in the attach-
ment. It would be error to take judgment, or to sue out ex-
ecution against a garnishee before a judgment was obtained
against the defendant. The statute authorizes, it is true, a
judgment *nisi* against the garnishee at the first term, but
it is optional with the plaintiff to take it then or afterwards.
It never could have been intended, that it must of neces-
sity be then taken. In some of the Courts the term only
continues two or three days; but the garnishee has the four
first days of the term to make his answer; how could in
such a case, a judgment *nisi* be regularly taken at the
first term? The first term is but a return or appearence
term. In ordinary cases, a defendant is bound to appear
and plead at the return term; if he fail to do so, the plain-
tiff may take a judgment by default against him at the ap-
pearance term, but if he waives that advantage, he does
not lose his right, he still may claim his judgment at the
next succeeding term.

STEWART, for the appellee. We insist that the judg-
ment rendered by the Court below was proper. The cause
was discontinued, so far as the garnishee was concerned,
by the failure to take the judgment *nisi* at the return
term. The case of a garnishee, is vastly different from
that of a defendant in an action; between a plaintiff and a
defendant, there must necessarily be a judgment rendered
disposing of the cause one way or another; not so with a
garnishee. When an attachment issues, it goes against all
the property of the defendant: property may be levied on,
and a number of garnishees, may be summoned; besides,
the defendant may appear, put in bail and plead to the ac-
tion: one garnishee may answer that he is indebted and
that may dispense with the necessity of any further pro-
ceedings against the others. A garnishee may attend and

JULY 1830.

Robinson and
Davenport
v.
Starr.

discover that his answer is unnecessary for some of those causes, and omit to make it. If the plaintiff however, insists upon an answer from him, then he must manifest a disposition to do so, by claiming the judgment *nisi*, which is the only mode, and the very remedy given to him in such case. If he fails to take advantage of the omission by claiming the judgment *nisi*, it is an acquiescence, or waiver of an answer from the garnishee. The reason is this, that it does not necessarily follow that there must be proceedings against the garnishee, as in a case of a defendant; and if it become unnecessary for him to answer, and he has not appeared, no discharge from the Court is necessary to him. The failure to call him out, is evidence that the plaintiff deems it unnecessary to take advantage of his failure to answer. It is only necessary to consult the statute to see what course the plaintiff is bound to pursue, where a garnishee fails to answer, so as to hold him liable. It provides that the garnishee shall appear and answer within the first four days, and if he fails to do so, what course must the plaintiff pursue? he must says the statute, have him called, take his conditional judgment and sue out his *scire facias* returnable to the next term to have it confirmed. If he fails to do this, it is an abandonment of any further pursuit as to him.

The appellant treats the proceedings against the garnishee as a part of the case against the defendant. But it is not so. It is a separate case, and although the one is dependant on the other, the garnishee has a right to a speedy determination and trial of his indebtedness. A separate issue may grow up between him and the plaintiff, and he has the right to try it, and is not bound to wait until the *ex parte* case is determined against the absent defendant. The stay does not operate on the proceedings as to him; there is no necessity for it, and if he really is not indebted, he has the right to a speedy trial of the issue and to a discharge; true if the issue is found against him, then the amount must remain attached and condemned in his hands to abide the recovery against the defendant. It cannot be permitted to the plaintiff to summon a dozen debtors as garnishees, and when the proceedings are stayed, to keep them all in attendance from term to term, without ascertaining their indebtedness, thereby keeping attached twelve times the amount of the debt; and this, just as long as he pleases. Yet this is the effect of the doctrine contended for. We conceive he is bound to proceed against one or more if ne-

cessary, to obtain condemnation of a sufficient amount, and discharge the others; and that if he does not regularly proceed, it is a discontinuance.

All causes must be regularly continued from term to term, else they are at an end. There is not even an order of continuance of the proceedings between the plaintiff and the garnishee; so the latter had the right to withdraw from the Court, and consider the controversy as far as he was concerned, at an end. If the first term did not continue four days, the plaintiff should have moved for a continuance till the next term, so that the garnishee might answer, as is the practice in all cases where the business cannot be done for want of sufficient time; then the defendant knows that he is bound to attend at the next term. Here there was no continuance moved for, nor ordered, as to the garnishee; he was then authorized to consider the cause at an end as to him, and to make any other disposition of the debt. If the plaintiff can call the garnishee at the next term without any continuance, he may do so many terms afterwards; how long after shall he have the privilege at his option of taking further steps against the garnishee or not? suppose in the mean time the defendant calls on the garnishee and demands the amount due him, could he refuse to pay him under such circumstances? I presume that in as much as no judgment *nisi* had been taken, and no indication given of any further steps taken against him, he would be compelled to pay him.

CRABB, in conclusion. The objection for want of a mere order of continuance as to the garnishee cannot prevail. The garnishee was summoned and was in contempt; it was his duty to answer; the cause cannot be considered as ended till he is discharged by the Court; he cannot take advantage of his own wrong. By statute,[a] all causes which are not determined, nor disposed of by the Court, stand continued of course.

*a* Laws of Ala. 157, 455.

By JUDGE SAFFOLD. It is assigned for error that the Circuit Court ordered a dismissal of the garnishment against Starr, on the ground that the judgment *nisi* should have been taken against the garnishee at the first term. This was what is called a foreign attachment, in which all proceedings were directed to be stayed six months, and notice to be given to the defendant in the attachment, in the manner prescribed by statute. The same was accord-

JULY 1830.

Robinson and Davenport
v.
Starr.

ingly ordered by the Circuit Court. But the objection is that a judgment *nisi* was not taken against the garnishee at the return term, but at the second term, at which by the order of stay and notice, the debtor in the attachment was required to appear and answer. The garnishee had an undoubted right under the garnishment to him, to have appeared at the first term and answered; no notice or agency from the plaintiffs in attachment being necessary to enable him to do so. Had he then answered and denied owing or having any thing, he would have been entitled to a discharge on motion to the Court; and such motion could properly have been made at his instance.

If however he stood indebted to the defendant in the attachment, or had effects of his in his hands, it was entirely indifferent whether he answered at the first or second term; had he done so at the first term, the plaintiffs could not have taken judgment against him, because then they had not established any debt against the defendant; and until they had, there was no authority for taking judgment against the garnishee. It does not appear whether the garnishee was indebted or not.

In as much then as the defendant had the liberty of answering at the first term, but chose not to avail himself of it, as his answer at that time would not have availed the plaintiffs any thing more than at the subsequent term, as all proceedings were necessarily stayed against the defendant, and he is interested in the proceedings against the garnishee as his debtor, and as it would have been illegal to take judgment against the garnishee for any sum admitted to be due at the first term, the failure to take judgment *nisi* at that time could not operate as a discontinuance, as was adjudged by the Circuit Court. It may be assimilated to an ordinary suit, when the defendant fails to appear at the first term. If the session continues beyond the time allowed him to plead, the plaintiff is entitled to judgment by default, yet if he decline taking the judgment, then he has no less right to it at the next term, unless the default be cured. A majority are of opinion that the judgment be reversed and the cause remanded.

Judgment reversed.

LIPSCOMB, CHIEF JUSTICE, not sitting.