## THE BRANCH BANK AT MOBILE v. POE.

1. A garnishee relates to the present time, and requires the garnishee to answer what sum he is then indebted, &c.; so that if there be *then* no indebtedness, though there may be before the answer is made, the plaintiff is not entitled to judgment. And if the garnishee is indebted in a sum which is increased after the garnishment issues and before answer made, he is not liable to a judgment for the increased sum, but for only such as was due when process issued.

2. When a debt has been contracted before the issuance of the garnishment, but does not fall due until afterwards, it is such an indebtedness as will authorize a judgment against the garnishee, with a stay of execution until it matures.

3. It is not within the scope of the powers ordinarily conferred upon the cashier of a Bank, to appear to, and defend suits against the corporation; and consequently he cannot answer a garnishment which has been sued out against it. Such an answer should be made under the *common seal* of the Bank, either by the express authority of the directors, or president, who thus far, is the executive officer of the board.

Writ of error to the County Court of Mobile.

THE defendant in error having recovered a judgment against Rufus Greene in the County Court of Mobile, made an affidavit in usual form, of the impracticability of finding property out of which to satisfy the same, and prayed that process of garnishment might issue to the plaintiffs in error, and to John B. Norris, the President, and Billups Gayle, the Cashier of the corporation. The record does not contain the copy of a garnishment, but immediately after the affidavit, are the following entries:

Upon the filing of which (evidently referring to the affidavit,) Billups Gayle, Cashier of the Branch of the Bank of the State of Alabama at Mobile was summoned as garnishee, whose answer was made in the following words, to wit:

" George Poe v. Rufus Greene—County Court, February Term, 1840.

The Branch of the Bank of the State of Alabama at Mobile, by Billups Gayle, cashier of said bank, in answer to a summons

The Branch Bank at Mobile v. Poe.

of garnishment appeared in open court, and being duly sworn, says that Rufus Greene is largely indebted to the said State Bank of which he is an officer, employed at the rate of one hundred and sixty-six dollars and sixty-seven cents per month; that on the day said summons was served on garnishee, the salary on that day of the said Greene amounted to one hundred and sixty-one dollars and eleven cents; that the bank has since paid said Greene for like services, being his salary for the months of December and January, and one day of November. 1839, three hundred and thirty-eight dollars and ninty cents, and that his salary for the month of February up to this day inclusive, amounts to ninety-four dollars and fifty-two cents. The bank, at the expiration of each month, pays said Rufus Greene his salary in cash; since the service of this garnishment the said bank has paid to R. Greene his salary as it fell due per month.

B. GAYLE, Cashier.

"Mobile, February 17, 1840.   Subscribed and sworn to before me, 17th February, 1840.     WM. TAYLOR, Clerk."

On this answer, the court rendered a judgment against the plaintiffs in error, not only for the sum due Greene, at the service of the garnishment; but for the sum paid him, and the balance of his salary due on the 17th February, 1840.

In the record, there is a bill of exceptions, on which the plaintiffs' counsel has assigned error; but as the points presented by it, are not considered by the court in its opinion, it is unnecessary to notice it with more particularity.

No counsel appeared for the plaintiff.

J. A. CAMPBELL, for the defendant.

COLLIER, C. J.—The garnishment relates to the present time, and calls upon the garnishee to state what he is then indebted, &c. to the defendant in execution; and consequently, if there is then no indebtedness, &c., though there may be afterwards, the plaintiff is not entitled to judgment. So, if there be an indebtedness at the time of the service of the garnishment, which is increased between that time and the garnishee's an-

swering, the judgment in favor of the plaintiff must be limited to the sum due when the summons was executed.    In stating the law thus generally, we do not intend to be understood as deciding that where a debt is contracted, but not yet matured, that it cannot be reached by garnishment: the law is certainly otherwise.    In the present case, only so much of the debt as was due when the plaintiff was summoned, had been contracted.  Beyond that amount, there was *no debitum in præsenti, solvendum in futuro.*

But in the case at bar, without undertaking to inquire whether a corporation aggregate is subject to the process of garnishment, we are satisfied that the answer on which the court acted, did not warrant its judgment.    It is not within the scope of the powers ordinarily conferred upon the cashier of a Bank, to appear and defend suit against the corporation.    That duty pertains to those to whom the management of its affairs are intrusted.    The plaintiff in error being a mere artificial entity, could not answer as such on oath; but should have answered under its *common seal,* and the seal should appear to have been used either by the express authority of the Directors, or should actually have been used by the President of the Bank, who thus far is the executive officer of the Board.

The answer of the cashier then, not belonging to the appropriate functions of his office, should not have been regarded by the court as a sufficient basis for its judgment.

This view is decisive of the case, and we decline considering the other questions raised at the argument.

The judgment is reversed, and the case is remanded.