The Planters and Merchants Bank of Mobile v. Leavens.

PLANTERS AND MERCHANTS BANK OF MOBILE v. LEAVENS.

1. Stock owned by an individual in an Incorporated company, cannot be subjected to the payment of his debts, by garnisheing the corporation.
2. A corporation can answer process of garnishment only under its common seal.

Error to the Circuit Court of Mobile.

In this case, which was commenced by original attachment, by the defendant in error, against the firm of Green & Co., the

plaintiff in error was summoned as garnishee, the direction being to summon the President and Cashier of the Bank.

The President and Cashier answered on oath, stating in substance that Sidney Green, one of the defendants, was the owner of five shares in the capital stock of the Bank, and that a dividend of fifteen dollars had been declared thereon and stood to his credit on the books of the Bank.

Upon these answers the Court rendered judgment against the Bank as garnishee, for three hundred and forty dollars ninety-three cents, the amount of the claim of the plaintiff in attachment against Green & Co., "to be discharged upon the delivery or transfer of the said five shares of s ock, and the said sum of fifteen dollars in cash to the plaintiff."

From this judgment the Bank prosecutes this writ, and assigns for error: 1. That the answers of Heard and Riggs, the President and Cashier, were made in their individual capacities.

2. That the Bank could only answer under its common seal.

3. That the stock held by the defendaets was not subject to the process of attachment, or that, if so subject, it should have been condemned to be sold.

4. Because, by the judgment that the plaintiff be discharged upon the delivery or transfer of the stock, when a delivery is impossible, and it has no authority to make a transfer.

GIBBONS for plaintiff in error cited, 1 Ala. Rep. 398; 2 id. 73; 9 Johns. 99; Tidd's Practice, 934; 3 Murphy, 65; Aik. Dig. 37.

CAMPBELL, contra.

ORMOND, J.—Without deciding whether a corporation aggregate is subject to the process of garnishment, it is clear that the Bank has never appeared and answered in this case. Such answer could only be made under its common seal, by authority of its executive officer. The individual answers of the President and Cashier, under oath, cannot bind the Corporation. See the Branch Bank of Mobile v. Poe, 1 Ala. Rep. 396.

But, independent of this objection, stock held by an individual in an incorporated company, being a mere chose in action,

cannot be subjected to the payment of his debts, by process of garnishment. The impropriety, as well as injustice of such an attempt, is manifest in this case. A judgment is rendered against the Bank, estimating the stock at one hundred dollars the share, its nominal value, when, for aught the Court can know, it may not be really worth ten dollars the share. These consequences are attempted to be obviated in the judgment rendered, by giving to the Bank the power of discharging itself from the payment of the judgment rendered against it for the debt, by the delivery or transfer of the stock.

It is perfectly clear that the Court had no power to render such alternative judgment, nor had the Bank the power to do the alternative act. It could not vest the title in the stock by delivery, if in its possession; nor had it the right to make a transfer. In every aspect of this case it is erroneous, and the judgment is therefore reversed and the cause remanded.