## CAMERON v. STOLLENWERCK, AND ANOTHER.

1. The defendants being sued on a specialty, for the payment of four hundred dollars, pleaded in bar that they had been summoned as garnishees, at the suit of L. S. F., who had recovered several judgments against the plaintiff, before a justice of the peace, to state how much they were indebted to the latter; that they admitted they owed him two hundred dollars on the specialty, and no more, and their answer was contested before the justice, who after hearing the evidence, adjudged that the same was true. Several judgments were rendered by the justice against them as garnishees, amounting to the sum admitted to be due—all of which have been satisfied: *Held*, that the sum of two hundred dollars, the sum then in controversy, being beyond the jurisdiction of the justice of the peace, the inquiry as to the defendants' indebtedness, and the decision thereon, did not sustain a plea of " Former recovery," or in any manner affect the plaintiff's rights.

WRIT of error to the Circuit Court of Greene.

This was an action of debt on a specialty, for the payment of four hundred dollars. The defendants pleaded several pleas, among which was the plea of "former recovery." On the trial of an issue upon this plea, it was shown that the defendants were summoned as garnishees, at the suit of Lewis S. Fellows, who had recovered several judgments against the plaintiff, to appear before the justice of the peace who rendered them, and answer as to their indebtedness to the plaintiff. They appeared and answered, that they had executed the specialty on which this action is founded, set forth its consideration, and averred its failure as to two hundred dollars. Thereupon, the plaintiff in this action, gave notice to one of the defendants, that he would contest the truth of their answer, and the parties accordingly appeared before the justice, who, upon the answer and evidence of witnesses, determined that the garnishee was only indebted in the sum admitted by them. Several judgments were then rendered by the justice against the defendants as garnishees, amounting to the sum ascertained to be due by them to the plaintiff—all which they have fully satisfied.

The court adjudged, that the facts shown, formed a bar to the action, and rendered judgment for the defendants.

J. D. WEBB, for the plaintiff in error.

J. ERWIN, for the defendants.

COLLIER, C. J.—By the twenty-fourth section of the attach-ment law, it is enacted, that "the defendant may in all cases show, by competent testimony, that a garnishee is indebted to him in a greater amount than he is willing to admit on oath." [Clay's Dig. 60.] This provision is exceedingly imperfect, and is whol-ly unexplained by any other part of the act in which it is found. It is no where provided, that the defendant in attachment or exe-cution, shall be permitted to negative the garnishee's answer, and thus form an issue to try its truth by a jury. This the plaintiff is permitted to do, by the twenty-fifth section of the law cited.— In this state of the legislation upon the subject, we have some difficulty in determining how we shall give effect to the twenty-fourth section; whether by determining that it is competent for the defendant to make up an issue with the garnishee, or that he is to come in aid of the plaintiff, when the latter has denied the truth of the answer. There are difficulties in the way of either conclusion, and as it may not be necessary in the present case to express a definite opinion upon the point, we waive its conside-ration.

We will not inquire, what would be the effect of a judgment upon the rights of the defendant, where the tribunal before which he litigated the extent of the garnishee's indebtedness, had juris-diction of the case, if the defendant had been attempting to co-erce a payment by suit. In the case before us, the justice might inquire into the amount in which the garnishees were indebted, and perhaps might to that end, receive testimony as to the just-ness of the objection interposed in their answer, to the payment of one half of their note. But such an inquiry would superinduce no consequences prejudicial to the defendant, beyond the determina-tion of that particular cause, and whatever might be the judgment of the justice, it could not be pleaded as a bar to an action against the garnishees, except only as to the amount that had been con-demned to the satisfaction of the plaintiff's demand. In fact, the jurisdiction of the justice would be limited to that point; and the decision of any other question of law or fact, would be regard-ed as *coram non judice.*

If the justice could conclusively adjudicate the rights of the

parties in a case of the kind, and absolve by his judgment, one who was *prima facie* a debtor, from the payment of two hundred dollars, his jurisdiction as to the amount, must be unlimited. Whenever they are permitted to adjudicate the rights of parties in civil cases, in which the amount in controversy exceeds fifty dollars,) the *maximum* prescribed by the constitution,) the judiciary can prescribe no other limit. But we have seen that the object of the inquiry was to ascertain the measure of the garnishee's indebtedness, that it might be known for what amount the plaintiff should have judgment against him, and not to foreclose future controversy between the latter and the defendant. It is needless to add more than declare that the judgment of the circuit court is reversed, and the cause remanded.