motion was granted, and thereupon the plaintiff excepted. Another statement being accordingly made, and an issue thereon submitted to a jury, the plaintiff offered to prove that the defendant was indebted to John Mooney for work and labor done, but the Court would not permit such evidence to go to the jury under the pleadings, and thereupon the plaintiff excepted. A verdict was returned for the defendant, and judgment rendered accordingly.

J. E. BELSER, for the plaintiff in error.

J. A. ELMORE, for the defendant.

---

| 8 | 811 |
|---|---|
| 93 | 173 |
| 8 | 811 |
| 102 | 342 |
| 8 | 811 |
| 115 | 387 |
| 8 | 811 |
| 119 | 258 |

## GRAVES v. COOPER.

1. It is irregular to permit the defendant whose debtor is summoned as a garnishee, to contest the garnishee's answer, unless it is done at the term when the answer is filed, or unless an order is then made for that purpose.
2. The proper course of practice in such cases is, for the defendant to deny

the correctness of the answer by oath, and to file a suggestion of the nature of the garnishee's indebtedness, as in a declaration, to which the garnishee may plead. The judgment, if against the garnishee, is one of condemnation to pay the plaintiff's demand.

Writ of Error to the Circuit Court of Dallas.

THIS proceeding is by Cooper, as a judgment creditor of the Selma and Tennessee Rail Road Company by garnishee process against Graves as a debtor stockholder of the same. The garnishment was issued 14th February, 1842, returnable to the spring term of that year. Upon the return of the process, Graves appeared and filed his answer in writing, in which he sets out at length the proceedings preparatory to the organization of the Company, his subscription for a hundred shares of the stock, under the belief and impression produced by the commissioners, that he would be permitted to relinquish it by forfeiting what he should pay thereon. Afterwards he relinquished one half of his stock, and reduced it from 100 to 50 shares. He admits the directors have called for instalments, amounting in all to 17½ per cent. of which he has paid 10 per cent. but refused to pay the remainder, offering to relinquish his stock. If, under the circumstances stated, he is indebted to the company any thing, then he admits a debt of $375, that being 7½ per cent. on 50 shares.

No further proceedings on Graves' answer were taken at the spring term, 1842; but at the fall term, 1843, as the judgment entry recites, the parties came by their attorneys, and the said Graves having at a former term of this Court filed his answer, to wit: on the 14th day of May, 1842, by consent of the plaintiff; which answer is ordered to be filed with the records of the Court and the same taken as a part of the entry on the minutes. And thereupon came the said Selma and Tennessee Rail Road Company, and suggest that the said garnishee is indebted to said Company as a stockholder therein, for the calls mentioned in his answer and at this time in a greater amount, to wit: the sum of $1,687 45, than he is willing to admit on oath, prays the Court that it may be allowed to show the same by competent testimony, which being granted by the Court, the garnishee declines to make any plea in reply to said suggestion ; and thereupon came a jury, to wit: &c., who being duly elected, tried and sworn to

inquire of the true indebtednes of the said garnishee aforesaid, up-
on their oath do say, &c. returning an assessment of $1,687 45,
for which judgment was given by the Court.

At the trial, it was in evidence that David Cooper, the deceas-
ed partner of the plaintiff was present at the meeting of the board
of directors of the Rail Road Company, when the board passed
a certain resolution referred to in the answer of the garnishee,
whereby the subscribers to the capital stock were allowed the
privilege of relinquishing one half of their said stock; there was
no evidence tending to show that the garnishee had, or had not,
relinquished his stock, as was asserted in his answer. The de-
fendant asked the Court to charge the jury, that if, from the evi-
dence, they believed the deceased partner of the plaintiff was pre-
sent at the meeting of the board which passed the resolution of
relinquishment, and sanctioned the same, they should find the de-
fendant to be no farther indebted than was admitted by his an-
swer. This was refused. The Court charged the jury that said
resolution of relinquishment was not binding either upon the plain-
tiff or upon the Rail Road Company. To the charge and refusal
to charge the defendant excepted.

He now assigns as error, that the Court erred—

1. In refusing the charge asked.

2. In the charge given.

3. In permitting the Rail Road Company to contest his an-
swer at the term after it was made.

4. In rendering judgment for the calls due on the whole stock
subscribed, when the defendant was liable only for one half.

ELMORE, for the plaintiff in error, insisted—

1. That it was competent for the Company to relieve the de-
fendant, by resolution, from the contract for 100 shares, and to re-
duce it to 50. [Charter, §§ 1, 5, 6, 15 and 17, Acts 1836, p. 37;
Selma and T. Rail Road Co. v. Tipton, 5 Ala. Rep. 808.]

2. The answer of the garnishee was made at the spring term,
1842, but not contested until the fall term, 1843. It is true a
judgment may be rendered upon an answer of a garnishee after
an irregular continuance over without notice, but that is consid-
ered as a judgment *nunc pro tunc* pronounced on the facts as
ascertained; but here there was no authority to contest the an-
swer when it was contested. The failure to contest the answer

at the term when made, is not a waiver of the right, for the statute contemplates a denial at the term when the answer is made. [Dig. 60, §§ 24, 25.]

3. The defendant did not waive any right acquired by the neglect to contest the answer, on the contrary he refused to answer to the suggestion of the Company, or plead to it in any manner. The mere employment of, or appearance by, an attorney, when forced to proceed, cannot affect the defendant. [Sheppard v. Buford, 7 Ala. Rep. 90.]

Edwards, for the defendants in error, made the following points:

1. The charge asked for may be considered as entirely abstract, for there is no evidence shown to warrant it.

2. The directors of a stock company have no authority to reduce the capital stock, or exempt the subscribers from liability for calls. [Angel & Ames on Corp. 243, 239, 476, 478; Digest, 260, §§ 8, 9; 6 Ala. Rep. 741.]

3. The Court properly allowed the Company to contest the answer of the garnishee. [Dig. 60, § 24; 6 Ala. Rep. 705]

GOLDTHWAITE, J.—1. A preliminary question is raised in this case, whether the Court could allow the defendant in execution to contest the indebtedness of the garnishee, to a greater amount than admitted by his answer at a term subsequent to that when the answer was received and filed. At first view, we were inclined to suppose this point must be considered as waived, from the circumstance that the garnishee appeared by attorney; but we conclude this appearance must be referred to the matter which he was bound to appear to, and not to an irregular proceeding, in which he refused to join. It was held in Robinson v. Starr, (3 Stew. 90,) that a garnishee was not necessarily discharged by the omission to take a judgment *ni. si.* at the return term, no judgment having then been rendered against the defendant in attachment. And in Gaines v. Beirne, (3 Ala. Rep. 114,) a judgment against a garnishee at a subsequent term, was sustained upon his answer made and filed at a former term. In Leigh v. Smith, [5 Ib. 583,] a judgment entered *nunc pro tunc* against the garnishee, several terms after his answer, was held to be regular. These decisions fully establish, that whenever a garnishee submits to answer, or when the suit is not terminated by

Graves v. Cooper.

a judgment against the defendant in attachment, the garnishee continues before the Court for the purpose of receiving the judgment upon his answer. But this we conceive is materially different from considering him as before the Court for the purpose of contesting his answer, whether that is done by the plaintiff or the defendant in the attachment.

In the present case the garnishee appeared, and with the consent of the plaintiff in the proceedings, filed his answer in writing, at the Spring term, 1842, and no order was then taken for the allowance of further time to contest it, either on the part of the creditor or of the debtor. At the Fall term, 1843, the debtor corporation was allowed to suggest that the garnishee was indebted to it in a larger sum than he was willing to admit on oath, and it was prayed they might be permitted to show the same by competent testimony. The garnishee declined to make any plea or reply, and no inference can be drawn that he assented to this proceeding, from the fact that he was represented by counsel before the Court; because he was there for the purpose, if necessary, of receiving a judgment on his answer.

For this reason we consider the judgment entirely erroneous, and decline to enter upon the consideration of the more important questions which grew out of the charge of the Court.

2. As the practice is quite unsettled on the peculiar statute under which this proceeding was attempted, it is proper to state how it should be. The difficulty of giving the proper effect to this statute was felt in Cameron v. Stollenwerck, [6 Ala. Rep. 704,] but we then declined its consideration.

The 24th section of the general attachment law provides, that the defendant may, in all cases, shew, by competent testimony, that a garnishee is indebted to him in a greater amount than he is willing to admit on oath, but there is no mode pointed out by which the cause is to proceed, when the defendant chooses to avail himself of this privilege. We think other parts of the statute furnish analogies which must govern the proceedings in this. Thus, under the 25th section, the same privilege is given to the plaintiff, but he is required to make oath that he believes the answer to be incorrect; and upon making this oath an issue is to be formed and tried as in other cases. [Clay's Dig. § 24, 25.] The 40th section of the same act provides, in the same defective manner, for a contest between the creditor and the transferee of the

debt owed in the first instance to the debtor, when the garnishee assumes that he has been notified of its transfer. And in Goodwin v. Brooks, (6 Ala. Rep. 836,) we considered that it was the business of the plaintiff to proceed against the party, after appearance, by an allegation that the transfer or assignment to him was invalid. This case, and the practice which prevails under other sections of the act, seem to require that the defendant in attachment, when he seeks to controvert the answer, should do it in the same manner as the plaintiff, by filing an oath that he believes the answer to be incorrect. Beyond this, as the mode and manner of the garnishee's indebtedness must be known to his creditor, the suggestion of this indebtedness should be as ample as a declaration in ordinary cases, and would be controverted by plea of the garnishee. The issue, thus formed, is to be tried as in other suits, but the judgment, if for the creditor, will be of condemnation to the plaintiff in the attachment. As to costs, &c. we purposely omit to construe the statute until some case arises upon it.

As there has been no attempt at conformity with what we consider the proper practice, the judgment must be reversed, and the cause remanded, that such judgment may be rendered on the answer of the garnishee as is proper.

Reversed and remanded.