## TWELVES & Co. v. LODANO.

1. When a garnishee in attachment, answers, denying indebtedness to the defendant in attachment, an issue may be made up, with the consent of the plaintiff, to try the fact of such indebtedness, between the defendant in attachment, and the garnishee, upon the affidavit of the former, controverting the answer of the latter.

2. An attachment was sued out by T., against F., and L. was garnisheed as a debtor of F. After service of the garnishment, F. obtains judgment against L. for the amount of the debt due from him, in the same court in which the attachment is pending, and execution issuing thereon, L. paid the amount to the sheriff, by whom it was paid to the attorney of F., who, pursuant to instructions previously given him by F., paid the money to a third person: held, that upon this state of facts, the garnishee was liable to the plaintiff in attachment.

Error to the County Court of Mobile. Before the Hon. John A. Cuthbert, Judge.

The facts fully appear in the opinion of the court.

Lockwood, for the plaintiff in error.
Campbell, contra.

CHILTON, J.—The plaintiff in error, having sued out an attachment against one William J. Faries, the sheriff served a summons of garnishment upon the defendant in error, to appear before the county court to which the attachment was made returnable, to answer what he was indebted, &c., to Faries. At the trial term of the attachment, Faries appeared and confessed judgment upon the attachment, in favor of the plaintiffs, for the sum of $255 89. At the same term, a judgment *nisi* was rendered against the plaintiff in error, he having failed to appear, in obedience to the summons. A *scire facias* having issued, and being served on the defendant, he appeared at the June term, 1846, and answered the garnishment, denying any indebtedness to Faries. Thereupon Faries, the defendant in the attachment, was permitted to contest the garnishee's answer, and he filed an affidavit, averring that said answer was incorrect, and that said garnishee owed him, at the time of the service of said garnishment, the sum of $300, for rent of certain property in the city of Mobile, in the year 1844.

An issue having been made up between the parties, the jury found a special verdict, setting forth the following facts, viz: "That on the 17th day of May, 1845, when the summons of garnishment was served, said Lodano was indebted to said William J. Faries, in the sum of $300, in the manner set forth in the affidavit of said Faries. That on the 1st day of April, 1847, said Faries obtained a judgment against said Lodano, in the county court of Mobile county, for the sum of $346, for the same indebtedness described in said Faries's affidavit, and on the 15th day of April, 1847, an execution issued upon said judgment. That on the 27th day of April, 1847, Lodano paid the sheriff of Mobile county, the sum of $347 70, the debt, and $126 94, costs, in full satisfaction of said execution. That said sheriff, on the same day he received the money, paid the principal and interest to John Rolston, Esq., the attorney of record of said Faries, who obtained the judgment. That said Rolston paid said money, less his fees, to one J. S. Marsh, according to the verbal instructions given him by said Faries, some time after the garnishment had issued, and previous to the makaing of the affidavit by said Faries in this case. That said Rolston had

received no other, or subsequent instructions from said Faries, in relation to the collection, or appropriation of said money, than the order above stated."

The plaintiff then produced his said judgment, rendered on the attachment against Faries, and moved the court for judgment against the garnishee, on the special verdict above set out. The court, however, refused to render judgment for the plaintiff, and discharged the garnishee. A bill of exceptions was also sealed at the trial, but it presents only the points of law raised by the special verdict of the jury: in that, it is shown that the defendant insisted upon being discharged also, upon the ground, that the affidavit for contesting his answer, had not been made by the plaintiffs in the attachment.

In Hitt v. Lacy, 3 Ala. Rep. 104, it was decided, that a debt in suit may, under the attachment laws of this state, be attached at the suit of the creditor of the plaintiff, where the suit is pending in the same court. This position is not gainsayed, but it is contended, that as the contest was predicated upon the affidavit of the defendant in the attachment, who was permitted to contest the answer, the whole proceeding was *coram non judice*, and no judgment could properly have been rendered on the verdict. The statute provides, "that the defendant may in all cases, show, by competent testimony, that a garnishee is indebted to him in a greater amount than he is willing to admit on oath." This statute, though it prescribes no mode in which the defendant may controvert the answer of the garnishee, must, nevertheless, be carried out by the court, and the court is necessarily compelled so to mould the form of the proceeding under it, as to render it effectual, else it will remain as a dead letter upon the statute book.

In the case of Graves v. Cooper, 8 Ala. Rep. 811–815, the correct practice, we think, was pointed out, which is, for the defendant to deny the correctness of the answer on oath, and to file a suggestion of the nature of the garnishee's indebtedness, as in a declaration, to which the garnishee may plead, and the judgment, if against the garnishee, is one of condemnation to pay the plaintiff's demand. That this practice may involve embarrassing questions, is certainly true ; but these

questions do not arise in the case before us, and we defer a decision upon them, until a case shall arise presenting them. There is nothing in the record to show, that the issue was made up against the consent of the plaintiff in the attachment. On the contrary, we might well infer his consent from the fact, that after the contest resulted favorably, he moved for judgment upon the verdict.

The order to contest, was made in this case, at the time the garnishee answered, so that no question can arise upon the permission given by the court, to amend the affidavit at a subsequent term. 8 Ala. 811.

The record, in our opinion, furnishes no reason why the court should not have rendered judgment upon the special verdict, in favor of the plaintiff in attachment. The judgment must therefore be reversed, and here rendered upon the verdict, as the court below should have rendered it.