# Steiner Bros. *v.* First National Bank of Birmingham.

| 115 | 379 |
|-----|-----|
| 124 | 345 |
| 124 | 346 |
| 115 | 379 |
| 139 | 588 |

## *Garnishment Suit.*

1. *Garnishment; judgment in favor of garnishee final, and supports an appeal.*—A garnishment suit is governed by the general rules applicable to other suits adapted to the relative situation of the parties, and a judgment rendered in favor of the plaintiff or one discharging the garnishee, concludes the rights of the parties to the cause of action involved, and is a final judgment from which an appeal will lie under the provisions of the statute, (Code of 1886, §§ 2990, 3611).

2. *Same; answer of corporation must have verification of agent's authority to make it.*—Under the provisions of the statute, that no person shall answer on behalf of the corporation a process of garnishment unless he shall make affidavit that he is the duly authorized agent of the corporation to make such answer (Code of 1886, § 2975), an answer to a garnishment served upon a bank, through its cashier, who makes affidavit that he is the cashier of the garnishee, but fails to make affidavit of his authority to answer the garnishment, is a mere nullity, and upon the filing of such answer, the plaintiff in the garnishment suit is entitled to a conditional judgment.

3. *Same; subsequent adoption by corporation of invalid answer; effect*

[Steiner Bros. v. First National Bank of Birmingham.]

*thereof.*—Even though at a subsequent term of the court a corporation, as garnishee, could adopt an invalid answer filed for it at a former term, such answer does not take effect by relation as of the time of filing, but becomes effectual as an answer from the date of its adoption ; and hence, where an invalid answer is filed by a corporation, the garnishee is not discharged by the failure of the plaintiff to contest such answer, until its adoption by the garnishee at a subsequent term of the court.

4. *Same; effect of failure to take conditional judgment against garnishee.*—The failure of the plaintiff in a garnishment suit to take conditional judgment against the garnishee at a subsequent term of the process, by reason of the failure of the garnishee to answer, does not operate as a discontinuance of the garnishment, and constitutes no bar to a recovery of such judgment at a subsequent term of the court.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

On the 10th day of March, 1894, B. & S. Steiner, co-partners, as Steiner Brothers, brought suit in the city court of Birmingham against William Berney, to recover upon a note for $2,000, and on the 21st day of September, 1894, they sued out an ancillary attachment against him, which the sheriff levied on the 22d day of September, 1894, by summoning the appellee, the First National Bank of Birmingham, as garnishee, to answer before the city court within 30 days from service, according to the statute, as to indebtedness to defendant or possession of personal property or things in action belonging to him.

On September 27, 1894, in answer to the service of garnishment, the following affidavit was filed : "And on the 27th day of September, 1894, comes W. J. Cameron, who being duly sworn, deposes and says that he is the cashier of the First National Bank of Birmingham, Alabama, and said bank for answer to said garnishment says that at the time of service of said writ of garnishment, and at the time of making this answer, said garnishee was not indebted to said defendant, Wm. Berney ; that said Berney is indebted to said bank in the sum of forty-three hundred and eighty-nine and 90–100 ($4,389.90) dollars, evidenced by note, and that said bank holds as collateral security to secure the payment of said note two hundred and thirty-one (231) shares of the capital stock of the Bessemer Land and Improvement Company, the pledge of which stock is duly noted on the books of said company, and that said stock is not of

[Steiner Bros. v. First National Bank of Birmingham.]

value sufficient to pay the said debt owing to said bank, at present market price ; that it will not be liable to said defendant for the delivery of personal property or for the payment of money which may be discharged by the delivery of personal property or which is payable in personal property, and garnishee has not in its possession or under its control money or effects belonging to defendant except the said stock above referred to, held in pledge as above stated, which it would willingly release from said pledge if the said debt to it was paid. Having fully answered said garnishment, the said garnishee prays to be hence dismissed with his reasonable cost for making this answer.     (Signed.)     W. J. CAMERON."

On November 2, 1894, Steiner Brothers recovered judgment against William Berney in said cause for $2,200.95 and cost, with waiver of exemption as to personalty. The cause against the garnishee was docketed in said court at September term, 1894, and all causes not disposed of were continued by general order made on June 29, 1895. No action was taken against the garnishee at the September term, 1894, of the court. The cause against the garnishee was placed upon the trial docket at the September term, 1895, as continued by general order from previous term. On October 2, 1895, an order was made therein, upon motion of plaintiffs, requiring the garnishee to answer orally; but on the 31st day of October, 1895, upon motion of the garnishee the court vacated its previous order of October 2d.

Such being the status of the case, the plaintiffs on November 11, 1895, made the following motion : "Come the plaintiffs and represent and show to the court, that on the 27th day of September, 1894, there was filed in this cause as and for the answer of the First National Bank of Birmingham a certain paper signed by W. J. Cameron ; that said garnishee is a corporation ; and that said paper so filed wholly failed to contain the statutory affidavit, to-wit, that W. J. Cameron was the duly authorized agent of the corporation to make such answer, wherefore the plaintiffs say that the said garnishee is in default, and has not filed any answer to the garnishment levied upon it ; and therefore the plaintiffs move the court (1) to strike from the files as invalid and unauthorized said paper signed by W. J. Cameron and filed on the 27th day of September, 1894, as and for the answer to

the garnishment; (2) that judgment having been obtained by the plaintiffs in the main case against the defendant, that a conditional judgment be rendered against said garnishee, the First National Bank of Birmingham, for default and for want of an answer to said garnishment.''

On the hearing of this motion the facts as stated above were shown ; and upon the hearing of · all the evidence, the court rendered judgment overruling and denying the motion, to. which judgment the plaintiffs duly excepted ; and upon motion of the garnishee it was discharged, and judgment was rendered against the plaintiffs. To this judgment the plaintiff duly excepted.. The present appeal is from the final judgment discharging the garnishee ; and the appellants assign as error the overruling of their motion to strike from the file the paper signed by Cameron, and the ruling of the court upon their motion, and in rendering judgment discharging the garnishee.

On the cause coming to this court on appeal, the appellee moved to dismiss the appeal upon the ground that the judgment from which the appeal was taken was not such a final judgment as would support an appeal.

CABANISS & WEAKLEY and GEORGE HUDDLESTON, for appellant.—1. No person may answer on behalf of a corporation any process of garnishment, unless he make affidavit that he is the duly authorized agent of the corporation to make such answer, and if the affidavit purporting to be an answer fails to show such authority, it is no answer so far as the plaintiff's rights are concerned, and may be disregarded or repudiated by him entirely. *D., C. & N. O. R. Co. v. Crass*, 97 Ala. 519 ; *M. & C. R. R. Co. v. Whorley*, 74 Ala. 264 ; Code (1886), § 2975.

. 2. Whenever a garnishee submits to answer, he continues · before the court for the purpose of receiving its judgment and is not discharged by the expiration of the term at which answer is made.—*Bostwick v. Beach,* 18 Ala. 80 ; *Graves v. Cooper*, 8 *Ib.* 814 ; *Security Loan Asso. v. Weems*, 69 *Ib.* 584.

. 3. The failure to take judgment against the garnishee at the first term, did not operate as a discontinuance of the proceeding against the garnishee.—*Robinson v. Starr*, 3 Stewart 90 ; *Gains v. Beirne*, 3 ·Ala. 114 ; *Bostwick v. Beach, supra ; .Gains v. Cooper, supra* ; *Griel v. Loftin,* 65

[Steiner Bros. v. First National Bank of Birmingham.]

Ala. 591; *Langford v. Ottumwa W. P. Co.*, 53 Iowa 415; *Phillips v. Germon*, 43 Iowa 101; 2 Brick. Dig. 369, §112; 8 Amer. & Eng. Encyc. of Law, 1249.

4. An appeal lies to the Supreme court from any final judgment of the circuit court.—Code of 1886, § 3611.

SMYER & SMYER, *contra*.—The plaintiff not having exercised the right of contest at the first term of the court to which the answer was made returnable, and not having taken a conditional judgment against the garnishee at that term, their rights have expired; and they can not, at a subsequent term, question the sufficiency of the answer, or in any way contest or controvert the answer on file, which purports to be the answer of the garnishee.— *Wright v. Swanson*, 46 Ala. 708; *Brake v. Curd Sinton Manfg. Co.*, 102 Ala. 339; *White v. Hobart*, 90 Ala. 368; *Marston v. Carr*, 16 Ala. 325; Code of 1886, § 2981.

Upon the facts in this case the garnishee should have been discharged.—*Hurst, Purnell & Co. v. Home Protection Fire Ins. Co.*, 81 Ala. 174.

The plaintiff by acquiescence in the answer as to the answer of the garnishee, for the entire term of court at which the answer is filed, especially where no judgment could be rendered against the garnishee on the answer, elects to waive the specific wording of the statute for his benefit, if it is possible for him to waive.—*Robinson v. Rapelye*, 2 Stew. 86, and authorities above cited. If the garnishee appears in court and raises no objection to the answer, this is a waiver of the statutory affidavit, and a ratification of the answer on the part of the garnishee. *M. & C. R. R. Co. v. Whorley*, 74 Ala. 264; *Decatur, C. & N. O.R. Co. v. Crass*, 97 Ala. 519.

BRICKELL, C. J.—The motion to dismiss the appeal seems to be founded on the theory, that the judgment discharging the appellee as garnishee, is not a final judgment which will support an appeal. The statutes creating the remedy by garnishment declare that "an appeal lies to the Supreme Court at the instance of the plaintiff, the defendant, the contestant, or claimant." Code of 1886, § 2990. The character of the judgment for or against either of the parties, from which the ap-

peal may be taken, the statute does not define; that is declared by the general statute, which confers on a party aggrieved, the right of appeal to this court from any final judgment or decree of the chancery, circuit, city, or probate court, except in such cases as are otherwise directed by law.—Code of 1886, § 3611. A garnishment, as it has often been defined and described in the course of judicial decision, is "the institution of a suit by a creditor against the debtor of his debtor, and is governed by the general rules applicable to other suits adapted to the relative situation of the parties."—1 Brick. Dig. 173. § 276. Such being the nature and character of the proceeding, it follows necessarily that the judgment rendered, as between the parties, the plaintiff instituting it, and the garnishee standing in the relation of a defendant, has all the properties and qualities of finality and conclusiveness of a judgment rendered in any other civil suit. A judgment against the garnishee in favor of the plaintiff, as finally and conclusively fixes and determines the liability of the garnishee and the rights of the plaintiff, as if it had been rendered in a suit *inter partes* commenced in the ordinary mode of instituting civil suits; and such is in effect the declaration of the statute.—Code of 1886, § 2983. A judgment against the plaintiff, discharging the garnishee, the only final judgment which can be rendered in his favor, as conclusively adjudges that he was not subject to the process, was not the debtor of the plaintiff, and had not possession, or custody, or control of effects of such debtor. Either judgment—the one in favor of the plaintiff, or that in favor of the garnishee— concludes the rights of the parties in respect to the cause of action involved—the matter of right asserted by the one and denied by the other. We do not regard the motion to dismiss the appeal as well taken, and it must be overruled.

The statute is in terms imperative and prohibitory, that, "No person shall answer on behalf of any corporation, any process of garnishment, unless he shall make affidavit that he is the duly authorized agent of the corporation to make such answer."—Code of 1886, § 2975. The history of the statute aids materially in its true interpretation and construction. Under the preexisting statutes, for a long period, grave doubts were

[Steiner Bros. v. First National Bank of Birmingham.]

expressed whether corporations were subject to the process of garnishment, and without deciding the question, it was held if they were, that the answer to the process must be under the common seal by authority of its executive officer—that an answer verified by the oath of an officer or agent of the corporation, was not the answer, and would not bind the corporation, authorizing the rendition of judgment against it.—*Br. Bank v. Poe,* 1 Ala. 396; *P. & M. Bank v. Leavens,* 4 Ala. 753. Subsequently, in *Mayor of Mobile v. Rowland,* 26 Ala. 498, a decision of the question became necessary, and it was held, "that the statutes of garnishment can not be applied to corporations, which, from their impersonal, artificial character, can not be sworn, and can not, in the nature of things, personally appear in court." The decision was followed by two statutes, the one relating to garnishments on judgments, the other relating to garnishments as a species of attachment, forming sections 3222 and 3267, of the Code of 1876, declaring private corporations subject to the process, and providing the mode of making answer on behalf of the corporation; the one declaring "no person may answer in behalf of such corporation any garnishment process, unless he shall make affidavit that he is the duly authorized agent of such corporation to make such answer;" the other, relating to garnishment as a species of attachment, authorizing the answer to be made "by the president, cashier, secretary, or any other duly authorized agent of such corporation." The statutes were passed at different times, and this probably accounts for the fact that there is such marked distinguishing between the mode of making answer when the process was a species of attachment, and when employed to obtain satisfaction of judgments. The distinction, or why it was made, is not now material, for it no longer exists; the present statute, applicable alike to the process as a species of attachment, or as a remedy to obtain satisfaction of a judgment, obliterates it. The obliteration of the distinction, the marked change of phraseology manifests the clear legislative intent, that because of his relation no officer has authority to make answer binding the corporation; all enumeration of particular officers, "president, cashier, secretary," is eliminated from the statute. Cameron verifies the fact that he bore to the appellee the relation of cashier. If the

statute was less explicit, less imperative and prohibitory, there could be no implication or intendment, that it was within the scope of his functions to make answer which would support a judgment against the appellee. In *Br. Bank v. Poe, supra,* considering the precise question, it was said by COLLIER, C. J. : "It is not within the scope of the powers ordinarily conferred upon the cashier of a bank, to appear and defend suits against the corporation. That duty pertains to those to whom the management of its affairs is entrusted."

In *D., C. & N. O. R. Co. v. Crass,* 97 Ala. 519, in construction of the statute, it was said by HEAD, J. : "This provision is intended to protect both the garnishee and the plaintiff. The garnishee is not, *prima facie* or otherwise, committed to or bound by an answer made for it, by any person professing to be its officer, or agent, without the required affidavit, unless it appears and adopts or ratifies such answer. No valid judgment could be rendered against a garnishee, a corporation, upon such an answer, in the absence of its adoption or ratification by some appropriate method. The plaintiff, likewise, is entitled to have the answer made by one duly authorized, and possessing, at least presumably, the requisite information to enable him to answer truly, and is not required to receive or submit to an answer wanting statutory affidavit of authority. He may repudiate it entirely." Adhering to this construction, the paper introduced into the file, verified by Cameron as cashier, without a verification of his authorization to make answer to the garnishment, was a mere nullity—it would not have supported a judgment against the appellee—it was without the elements and properties of an answer upon which the appellants could rely, or the truth of which they could contest.

It is argued that at a term subsequent to the filing of the paper, the appellee adopted it as an answer to the garnishment, ratifying the act of Cameron in making it ; and the adoption and ratification is the equivalent of a precedent authorization. As a general rule, it is true that ratification by the principal of the unauthorized act of one professing to be his agent, is the equivalent of a precedent authority, and has relation to the doing of the act ; this is especially true as between the principal and agent, but it is not true as to strangers having interven-

[Steiner Bros. v. First National Bank of Birmingham.]

ing rights which may be prejudiced. The doctrine is a fiction of the law, and is resorted to only for the advancement of right and justice.—*Jackson v. Ramsay*, 15 Am. Dec. 242, note. *Relatio est ficto juris*, is upheld to advance a right, not to advance a wrong, and it is said, the limitation of it, so as to prevent it from doing injury to strangers, or defeating mesne lawful acts, is the common language of the books.—*Jackson v. Davenport*, 20 Johns. 551. The general rule is, that amendments of pleadings, without regard to the time or stage of the cause at which they are introduced, have relation to the commencement of the suit, or to the time when the matter could have been pleaded originally. But relation is not imputed, if it would deprive the party against whom the amendment is made, of any substantial right. If an amendment of a complaint introduces new matter, or a new claim, as to which the statute of limitations has perfected a bar, the bar can not be avoided by referring the amendment to the commencement of suit.—*Mohr v. Lemle*, 69 Ala. 182 ; *A. & A. R. R. Co. v. Ledbetter*, 92 Ala. 326. Assuming, without deciding that at a subsequent term, there was by the appellee adoption of the answer—that there was ratification of the act of Cameron in making it—until its adoption, as to the appellants it did not become the answer of the appellee. Until then, the appellee was not before the court, and the judgment for or against it could not be rendered ; nor could the appellants have contested the truth of the paper writing, or required the appellee to answer orally, as was their right.

The statute, and in this respect it is but an embodiment or concise aggregation of pre-existing statutes and the judicial construction they had received, authorizes a plaintiff to contest the answer of a garnishee at the term at which it is made.—Code of 1886, § 2981. If the contest be not then inaugurated, and there be not by order of the court an extension of the time, the garnishee is entitled to be discharged, and though there may be a general continuance of the cause, is not compellable to join in a contest of the answer at a subsequent term. *Graves v. Cooper*, 8 Ala. 811 ; *Lockhart v. Johnson*, 9 Ala. 223 ; *McDaniel v. Reed*, 12 Ala. 615. But there is no room for the application of the statute until an answer has been made ; until then, a contest can not be inaugurated. A paper purporting to be an answer, which is dependent

for its validity, upon the subsequent ratification or repudiation of the garnishee, however formally verified, affords the plaintiff no opportunity to contest, and casts upon him no duty of inquiry as to the manner or agency by which it may have found its way into the files. Papers properly pertaining to the files, having color of authenticity, may be insufficient or defective, and for such cause may be stricken from the files. Parties may be charged with notice of their filing, and may be bound to exercise whatever of diligence the law requires in taking advantage of the insufficiency or defectiveness, or deemed to have waived it. But this is true only of papers which have color of authenticity, proceeding from a party appearing, and by the appearance submitting to the jurisdiction of the court. It can not be true of a paper like that which was verified by Cameron, not having the color of authenticity, which could not be accepted as an appearance by the appellee, and gave the court no jurisdiction to render a judgment for or against it. If the court on this paper could have rendered a judgment discharging the appellee, if the paper had contained an admission of indebtedness, it could have rendered judgment for such indebtedness—the power to render the one judgment is involved in the power to render the other.

A plaintiff is entitled to a conditional judgment against a garnishee, duly served with the process, failing to appear and answer at the return term of the process. Code of 1886, § 2985. But if the plaintiff fail to take such judgment, it has long been settled, the garnishment is not discontinued; the forbearance of the plaintiff in this respect works no injury to the garnishee. The garnishment is a suit in which the garnishee stands in the relation of a defendant, and if he does not appear and make answer, he is in the condition of a defendant in any other suit, against whom the plaintiff would be entitled to a judgment by default; if the plaintiff forbear to take the judgment, he is not the less entitled to it at a subsequent term.—*Robinson v. Starr*, 3 Stew. 90. There is no cause for the apprehension that by the forbearance or delay of the plaintiff, the garnishee may be kept in court indefinitely; by an appearance and answer, he may quicken the diligence of the plaintiff.

We have considered all the questions suggested in

[Alabama Mineral Railroad Co. v. Marcus.]

argument, and our conclusion is that the city court erred in refusing to strike from the files the paper verified by Cameron as the answer of the appellee, and to render a conditional judgment against the appellee for the want of an answer to the garnishment.

For the errors the judgment must be reversed and the cause remanded.

Reversed and remanded.