## WHEELING TRACTION CO. v. PENNSYL-VANIA CO.

(District Court, S. D. Ohio, E. D. September 15, 1924.)

**1. Courts ⬤═366(10)—Federal courts follow state decisions in enforcement of statutory remedies.**

In actions involving liens and remedies, such as are involved in garnishment proceedings authorized by the statutes of a state, the federal courts apply and enforce such remedies, adopting and following the interpretation of the statutes by the highest court of the state.

**2. Garnishment ⬤═162 — Garnishee's answer under oath presumed to be true.**

The answer of a garnishee made under oath is presumed to be true, and the burden of proving the contrary, when issue is taken thereon, rests on the plaintiff.

**3. Garnishment ⬤═158—Under Ohio statutes, pleading taking issue on answer of garnishee must be under oath.**

Under Gen. Code Ohio, §§ 11830, 11847, 11851, which require the answer of a garnishee to be under oath, and provide that, if the answer is unsatisfactory to plaintiff, he may proceed against the garnishee by civil action, any form of pleading which seeks to take issue on the answer must be under oath, and must specify the grounds of dissatisfaction as fully as would be required in the petition in the civil action authorized by the statute.

**4. Corporations ⬤═509(5)—Showing for order for examination of garnishee held insufficient.**

A court will not make a general order authorizing the special examination of the officers, agents, and employees of a corporation garnishee which has answered, unless the necessity or propriety of such action is clearly shown.

At Law. Action by the Wheeling Traction Company against the Pennsylvania Company. On application by plaintiff for special examination of the Cleveland & Pittsburgh Railroad Company, garnishee. Denied.

Gordon D. Kinder, of Martins Ferry, Ohio, for plaintiff.

W. I. Kinsey, of Steubenville, Ohio, for defendant.

SATER, District Judge. The plaintiff sued the defendant in the state court, and also instituted proceedings in attachment. The state court set aside the service and return of summons. Thereafter another service was made, and the Cleveland & Pittsburgh Railroad Company was garnished. On removal of the case to this court, such

other service and return were quashed. The garnishee, through its counsel, filed in the court of common pleas in which the suit was pending a formal answer, such as any person who is a defendant might file in any suit. There is nothing of record to show it was made before the clerk of any such court as designated by section 11830, G. C. Ohio. In the answer, which is verified by the garnishee's secretary, it is alleged that, at the time of the service of the writ, the garnishee had no property or money of any character in its possession or under its control due to the defendant, and held no rights or choses in action of any kind or character whatsoever belonging to the defendant. It prayed for its dismissal, without costs. The plaintiff has interposed an unverified application for an order for a special examination of the garnishee's officers, employés, attorneys, agents, and secretary, which states that the answer of the garnishee is unsatisfactory, and that plaintiff has reason to believe and does believe the garnishee was indebted to defendant at the time it was served as such. If the garnishee was, at the time of service, indebted to defendant, or had in its possession property belonging to it, the attaching plaintiff acquired a lien on the amount of such indebtedness or on the property so held by the garnishee.

[1] In actions in the federal courts involving liens and remedies, such as are involved in garnishment proceedings authorized by the statutes of a state, the federal courts apply and enforce such remedies, adopting and following such statutes as they are interpreted by the state's highest court. See sections 915, 914, 916, Rev. St. U. S. (sections 1539, 1537, 1540, Comp. St.); Pere Marquette Ry. Co. v. Western Heater Dispatch (D. C.) 284 Fed. 574; Citizens' Bank of Wichita v. Farwell, 56 Fed. 570, 6 C. C. A. 24 (8th Cir.); Pac. Mut. Life Ins. Co. v. Tompkins, 101 Fed. 539, 545, 41 C. C. A. 488 (4th Cir.); Files v. Davis (C. C.) 118 Fed. 465; Hatcher v. Hendrie, etc., Supply Co., 133 Fed. 267, 68 C. C. A. 19 (8th Cir.).

[2, 3] Sections 11851 and 11830, G. C., provide that, if a garnishee's answer is not satisfactory to the plaintiff, plaintiff may proceed against him by a civil action and such proceedings may be had as in other actions, and, if the plaintiff prevails, judgment may be rendered against the garnishee. Final judgment, however, cannot be rendered against the garnishee until the action against the attachment defendant is

determined. Section 11853. The difficulty encountered by a plaintiff, who elects to sue a garnishee, under the provisions of the Ohio Code, appears from a consideration of Cleveland Co-operative Stove Co. v. Mehling, 21 Ohio Cir. Ct. R. 60, and Olcott v. Guerinck, 19 Ohio Cir. Ct. R. 32. And see, also, Shinn on Attachment, § 651, p. 1069.

At the threshold is the question as to the sufficiency, in substance and form, of plaintiff's application as a basis for granting the requested order. The statute provides that, if the garnishee's answer is not satisfactory, the plaintiff may proceed against him by civil action. In Chinn v. Trustee, 32 Ohio St. 236, 237, it is ruled that: "The civil action of the code is a substitute for all such judicial proceedings as were previously known, either as actions at law or suits in equity."

In State of Iowa v. C., B. & Q. R. Co. (C. C.) 37 Fed. 497, 498, 3 L. R. A. 554, the definitions of a civil action, as given by lexicographers and authors, are quoted. A civil action is defined as "an action brought to recover some civil right, or to obtain redress for some wrong not being a crime or misdemeanor." It is an action in which there are parties plaintiff and defendant and pleadings and all other things necessary to and that surround an action. Capaul v. Toledo & Western Ry. Co., 5 Ohio Cir. Ct. Rep. (N. S.) 262, 265. See, also, for definition of action, section 11237, G. C., and Missionary Society v. Ely, 56 Ohio St. at page 407, 47 N. E. 537. If the plaintiff should bring a civil action against the garnishee, it would be compelled to conform to the rules of pleading and specifically set forth the grounds on which a recovery is sought, and, if it fails to do so, a motion to make definite and certain would lie. It is true that, in some of the states in which a plaintiff may tender an issue by traversing the answer of the garnishee, a general denial is all that is required, but that rule does not obtain in all the states in which issue may be taken on the garnishee's answer by such a denial.

Shinn, in his work on Attachment (section 654, p. 1072), cites Wright v. Bosworth, 5 N. H. 400, to the point that the trustee (garnishee) is entitled to a specification of the grounds on which plaintiff attempts to charge him and holds that this is the better practice and will generally be followed. The same view is expressed in the text of 8 Am. & Eng. Ency. Law (1st Ed.) 1230, and in a note it is said that such

practice seems to be contemplated, at all events, in those states in which the proceedings supplementary to the answer are in the nature of an action against the garnishee. See, also, Groschke v. Bardenheimer, 15 Mo. App. 353, 357; Union Bank v. Dillon, 75 Mo. 380; Caldwell Banking & Trust Co. v. Porter, 52 Or. 318, 95 Pac. 1, 97 Pac. 541; Twelves v. Lodano, 15 Ala. 732, 734.

Inasmuch as the plaintiff would, under the Ohio practice, be required under the settled rule of pleading, if it brings a civil action against the garnishee, to set forth the grounds of dissatisfaction on which it relies for its judgment, it should, in an application for an examination of the garnishee, state with all reasonable definiteness and certainty, the facts on which it bases its belief that the garnishee was indebted to the defendant at the time service was made on it, that the court may see whether such examination ought to be ordered, if the power to grant its request exists. If this be not so, the court's action in making an order might, for want of knowledge of the claimed situation, be highly improvident, and an examination might be authorized which is sought as a mere fishing expedition and possibly from an ulterior motive.

The garnishee is required to answer under oath (section 11847, G. C.), and his answer is presumed to be true. 20 Cyc. 1084, 1090; 10 Standard Ency. Pro. 537. Shinn on Attachment, § 638, states that, as between the parties to the suit, the answer of the garnishee is prima facie evidence of the truth of the facts stated within it. The text of the same author (section 654) is that in those states in which an issue upon a garnishee's answer is raised by traversing the same, his answer being on oath is only brought in question by some declaration, complaint, affidavit, or replication on the part of the plaintiff controverting, on oath, the facts stated in such answer.

In the instant case, the garnishee's answer is neither vague nor evasive. The plaintiff's position must be that the answer, which is either true or false, does not speak the truth. Considering the presumption in favor of its truthfulness, the plaintiff, with its unverified application, is in no better position than it would be, were it to declare in open court that the contents of a verified pleading are untrue. To provoke the action of a court, an application such as is here under consideration should be of a character as high, and give evidence of

good faith as great, as that of the answer or instrument assailed for untruthfulness. The object of requiring a verification is to insure good faith in the party's averments, to avoid sham and frivolous applications, and to secure a truthful statement of the grounds of dissatisfaction. The garnishee's answer being under oath, the burden of proving concealment and untruthfulness is on the plaintiff. There is the same propriety in requiring the plaintiff to make oath to its application as there is for requiring the garnishee to answer under oath, especially as the plaintiff must set forth the facts which cause dissatisfaction with the answer and disbelief in its correctness.

[4] There is another aspect of the case which also requires a refusal of plaintiff's request. If its application be granted, plaintiff would be at liberty to examine under oath any and every person rendering service as an employee or officer of the garnishee, from the humblest servant to the highest official. It will be in time to make an order of that scope (if the power resides in the court to make an order for the garnishee's examination) when circumstances reveal the necessity or propriety of so doing. It is altogether conceivable that certain persons—the secretary, treasurer, or auditor, or all of them, for instance—possess the desired information; but, if the making of an order is permissible, the necessity of an all-embracing order, such as is sought, should be shown before such order is made.

The questions as to whether the answer filed is, as to its making, such as meets the requirements of sections 11830, 11831, and 11847, G. C., whether the plaintiff has waived its right to object, if the garnishee has failed to comply with the provisions of those sections, and whether under the Ohio statute the power resides in the court to order an examination, and, if so, under what circumstances, are not decided.

The ruling is, the application submitted is denied. An order may go accordingly.