## GURLEY v. DAVIS, ET AL.

1. Where one acting as the guardian of a lunatic, purchased for him a life interest in land, of which the lunatic was the remainder-man, and upon his restoration to reason went into possession of the land, retained it two years, cultivating it and taking the profits, and sold it to another and delivered the possession: *Held*, that this was an affirmance of the contract made by the guardian, and that although he could not recover rent from his former ward, yet in equity he might recover the purchase money of the life estate and interest thereon.

2. Whether rent can in any case be recovered, where the relation of landlord and tenant has not in fact existed, but the land has been occupied by the mere sufferance of the owner.—*Quere?*

Error to the Chancery Court of Franklin.

THE bill was filed by the plaintiff in error. The facts of the case as shown by the bill are, that the complainant was appointed guardian of Major Davis, a lunatic, during the year 1832, and acted as such until December, 1836, when Davis was declared *compos mentis*, and restored to the possession of his estate. While complainant was acting as guardian, deeming it to be for the interest of the lunatic, he purchased on his behalf, from one Mrs. Anne Davis, her dower interest in a half section of land, for which he agreed to pay annually three hundred and eighty dollars, on the first of January, during her natural life, the first of which fell due first January, 1835. The two first instalments were paid by complainant, and in his settlement with the County Court he was allowed credit therefor.

Upon the restoration of Davis to his rights, he took possession of the land purchased by the guardian, and in February, 1839, sold and conveyed one half thereof in fee simple to one Drury Vincent, the remaining half being also sold to him by one Alexander Carter and his wife, who, together with Davis, were entitled to the remainder in the land after the death of Mrs. Davis. At this time Mrs. Davis was not dead, but lived some years afterward.

The annuity for the years 1836 and 1837 being unpaid, Mrs. Davis brought suit therefor against Major Davis, which he defended, and from the payment of which he was exonerated by

the decision of the Court, in the fall of 1839. Since that time the complainant has paid the annuities for the years 1836-7-8 and 9. Davis having left the State, attachments were prayed for against Vincent, and one Washington, as debtors of Davis, and served. The object of the bill was to obtain a conveyance of the title from Mrs. Davis to complainant, and rent from Major Davis, which it was alledged and proved was worth much more than the annuity. Mrs. Davis died pending the suit in 1843.

The Chancellor, considering, that as the purchase was made by complainant as guardian, and not for himself, he was not entitled to a conveyance of the land if Mrs. Davis had been alive and able to convey, and therefore could not recover rent. But as Major Davis had, by taking possession and selling the land, affirmed the contract made by the guardian, the latter was entitled to recover from Davis the money he had paid under the contract for the life estate of Mrs. Davis, and decreed accordingly, and gave him a decree for the amount in the hands of the garnishees. From this decree the complainant prosecutes this writ.

Noox, for the plaintiff in error, insisted on the right of the complainant to rent for the land during the life of Mrs. Davis.

ORMOND, J.—The only hypothesis upon which the claim for rent which the plaintiff in error asserts, can rest, is, that Davis, the former lunatic, upon his restoration to reason, and to the charge of his estate, refused to confirm the contract for the life estate of Mrs. Davis, in the land in controversy, which the plaintiff in error, as the guardian of Davis, had purchased for him; and that on this refusal on the part of Davis, the plaintiff in error being responsible for the purchase money, became entitled to the life estate which he had so purchased.

Conceding this hypothesis to be correct, what are the facts in regard to this point? It appears from the bill that upon the restoration of Davis to reason, and to the control of his estate, he was put in possession, by the plaintiff in error, of the land, the life estate of which he had purchased for him; that Davis continued in possession, using it and cultivating it as his own land for more than two years, when he united with the other remainder-man in selling the land, and conveying it in fee to the

defendant, Vincent. As this sale took place some years before the death of Mrs. Davis, the tenant for life, it was a palpable recognition of the purchase of her interest in the land by the plaintiff in error, as otherwise there would be no pretence for giving Vincent the immediate possession of the land. It was said in argument that the sale was made under the impression that Mrs. Davis, as stated by the defendant, Vincent, in his answer, was dead; but this is not proof of the fact against his co-defendant, Davis.

If, however, it appeared conclusively that it was supposed Mrs. Davis was dead at the time of the sale, it would not vary the case. The taking and retaining possession of the land by Davis, with the knowledge that he must necessarily have had, that he was only entitled to the possession in virtue of the purchase for him by the plaintiff in error, was an affirmance of the contract made by the plaintiff in error, for the purchase of the life estate. It could not be tolerated that he should keep possession of the land for more than two years, use it as his own, and take the profits, and then disaffirm the contract by which alone he had the right to possession. In the analogous case of a purchase or sale by an infant, he must disaffirm it in a reasonable time after he attains his majority, or it will be binding on him. We are therefore of the opinion that the acts of Davis, after he was declared to be of sound mind, were in law an affirmance of the contract made by the plaintiff in error, as his guardian, conceding that as guardian, he was not invested with power to make such a purchase, a question which it is unnecessary in this case to discuss.

The act principally relied on to establish the refusal by Davis to abide by the contract, is the defence made by him at law to the payment of a portion of the purchase money, when sued by Mrs. Davis, upon the contract made with her by the plaintiff in error. In Westmoreland v. Davis, 1 Ala. Rep. 299, this Court held, that Davis was not responsible at law in a case similar to the present, upon a promise made by his guardian whilst he was insane. The defence therefore, was merely the assertion of a legal right, and cannot be construed to be a denial of his liability upon a proper proceeding. But if it were otherwise, and was clearly an attempt on his part to disaffirm the contract, it would be unavailing. This defence was inter-

posed in the fall of 1839, nearly three years after he took possession of the life estate, and about eight months after he had actually sold the land, and delivered the possession. It was then beyond his power to disaffirm the contract, if he had desired to do so; but we cannot attain the conclusion that he designed to do so, from an act so equivocal in its character as that relied on.

From this examination, it appears that the plaintiff in error never had any right or title, legal or equitable, to the life estate of Mrs. Davis in the land in question. He purchased it originally for Davis, when he was a lunatic, and it does not appear that the latter ever denied his power to do so, or disaffirmed the contract, but on the contrary, so far as we can form any conclusion from his acts, acquiesced in it, and confirmed it.

Such being the aspect of the case, it is unnecessary to consider whether rent can be recovered, when the relation of landlord and tenant has not existed, and when the only ground upon which an implied promise to pay rent could arise, would be the simple fact that Davis occupied the land by the sufferance of the plaintiff in error. Upon this point see the case of Hull v. Vaughan, 6th Price Ex. Rep. 157.

The Chancellor decreed that the plaintiff in error was not entitled to recover the rent of the land, but was entitled to recover from Davis the purchase money he had paid, and was liable to pay, with interest. In this there is no error, and as this is the only question brought to our view by this writ of error, the decree of the Chancellor must be affirmed.