## LOCKHART v. JOHNSON.

1. When a garnishee submits to answer, he is considered as continuing before the court, for the purpose of receiving its judgment; but if the cause is continued generally, by the court, as to him, he cannot at the succeeding term, be compelled to join in an issue tendered to his answer, either by the plaintiff or defendant in the principal suit; and if an issue then tendered for the first time, is made up and found against him, the judgment thereon will be reversed upon error, if there is no admission upon the record, either express or implied, which takes from him the right of insisting upon the irregularity.

Writ of Error to the Circuit Court of Perry.

THE plaintiff in error was summoned as a garnishee, at the instance of the defendant in error, upon an affidavit that he was supposed to have effects of Archer B. W. Hopkins, who was a judgment debtor of the plaintiff below.   Upon the return of the garnishment, the garnishee filed his answer in writing, denying an indebtedness to Hopkins, and insisting

that he had no effects of his, in possession, or under his control; that Hopkins, by a deed appended to his, the garnishee's answer, did convey to him a large amount of real and personal estate, in trust for the payment of debts, &c., as expressed therein; that the garnishee was attempting to execute in good faith the duties devolved upon him in the deed, except so far as he was restrained by judicial process. This deed was executed previous to the rendition of the plaintiff's judgment against Hopkins.

At the term at which the answer was made, it is shown by the transcript, that the cause was continued by the court; at the succeeding term an entry was made as follows: "Garnishee having answered that he is not indebted, on a motion to discharge garnishee on answer, it was ordered by the court, that the plaintiff file an affidavit, denying the truth of the garnishee's answer, and contest the same in twenty days, or garnishment to stand dismissed." Thereupon an issue was made up and tried at the term next following, when a verdict was returned for the plaintiff, and judgment rendered accordingly. Several questions of law are raised upon a bill of exceptions, but as they are not considered by the court, they need not be here noticed.

I. W. GARROTT, for the plaintiff in error, among other points made, insisted that the answer of the garnishee should have been contested at the term of the court when it was filed, and leave to make up an issue subsequently, and after the garnishee had moved his discharge, was irregular. See Graves v. Cooper, 8 Ala. Rep. 811.

A. GRAHAM, (of Perry,) for the defendant in error.

COLLIER, C. J.—In Graves v. Cooper, 8 Ala. Rep. 811, it was held to be irregular to permit the defendant, when his debtor is summoned as a garnishee, to contest the answer of the latter, unless this is done at the term of the court when the answer is filed, or unless an order is then made, giving time for that purpose. After citing several of our previous adjudications, it is added, "These decisions fully establish

Lockhart v. Johnson.

that whenever a garnishee submits to answer, or when the suit is not terminated by a judgment against the defendant in attachment, the garnishee continues before the court, for the purpose of receiving the judgment upon his answer. But this, we conceive, is materially different from considering him as before the court for the purpose of contesting his answer, whether that is done by the plaintiff or defendant in the attachment." The sections of the statute which provide for the contestation of the garnishee's answer by the plaintiff, or defendant, are not materially variant, and if the law be as stated, when controverted by the defendant, we think it clear that it should be administered with quite as much strictness as applied to the plaintiff. The same reasoning applies with equal force to each; and it would be quite as oppressive to the garnishee, to compel him to remain in court, from term to term, and the danger of surprise equally great, where his answer is contested by the one party or the other.

In this case, as well as in that cited, the garnishee moved his discharge at the next term after he had answered, and did no act indicating a willingness to join in the issue, and present the matters in controversy to the jury. There is, then, no admission upon the record, either express or implied, which takes from him the right of insisting upon the irregularity on error.

Several other points are raised by the bill of exceptions upon the deed to which the garnishee's answer refers; but as the question considered is decisive of the case at bar, and there are other causes before us, which present the points referred to, we will not now enter upon their examination.

We have but to add, that the judgment of the Circuit Court is reversed.