## McDANIEL v. REED.

1. The answer of a garnishee must be contested at the term at which it is made; and if an issue be subsequently tendered, he may object to joining in it, unless he has expressly, or by implication, waived his right to a discharge.

Writ of Error to the Circuit Court of Perry.

ON the 26th of April, 1843, the defendant in error caused a garnishment to be issued against the plaintiff, upon an affidavit that he was believed to be a debtor of John Scarbrough, against whom the plaintiff below had obtained a judgment, and who had no property from which it could be satisfied. At the term of the circuit court holden in 1844, the garnishee answered in the negative all the questions addressed to him in the process, prayed a reasonable allowance and to be discharged: afterwards, at the fall term of the same year, the plaintiff denied in due form the truth of the answer, and proposed to make up an issue to try its truth. The cause was continued, either by the court or the plaintiff, without any notice having been taken of the answer, or the affidavit controverting it, until the spring term of 1847, when the garnishee, notwithstanding his objection, was required to join in the issue tendered. Thereupon the cause was submitted to a jury, who returned a verdict for the plaintiff, stating that the garnishee was indebted to Scarbrough in the sum of one

hundred and ninety-eight dollars, and judgment was render-ed for that sum against the garnishee, though it greatly ex-ceeded the amount of the judgment against Scarbrough.

Johns, for the plaintiff in error, insisted that the answer of the garnishee not being contested at the term at which it was filed, an issue could not be made up at a subsequent term against his consent. [8 Ala. Rep. 431, 811; 9 Ala. R. 223; 10 Ala. Rep. 451.] *Further*, the judgment against the gar-nishee was for a larger sum than the plaintiff had recovered in the first judgment.

A. B. Moore, for the defendant in error, contended, that as the garnishee did not move his discharge, but allowed the case to be continued for several years after his answer was filed, he must be taken to have waived all objection to the time of tendering an issue by the plaintiff.

COLLIER, C. J.—In Graves v. Cooper, 8 Ala. Rep. 811, it was decided, that the defendant whose debtor is summon-ed as a garnishee, will not be permitted to contest the gar-nishee's answer, unless it is done at the term when the an-swer is filed. And in Lockhart v. Johnson, 9 Ala. Rep. 223, it was said, that when a garnishee submits to answer, he is considered as continuing before the court, for the purpose of receiving its judgment; but if the cause is continued gene-rally by the court as to him, he cannot be compelled to join in an issue tendered to his answer, either by the plaintiff, or defendant, in the principal suit; and if an issue then tender-ed for the first time, is made up and found against him, the judgment thereon will be reversed on error, if there is no ad-mission upon the record, either express or implied, which takes from him the right of insisting upon the irregularity.

These cases very conclusively show, that it was not in-cumbent upon the garnishee to submit to the court a distinct motion for his discharge—it is enough that he has made an answer to which there is no objection; if this has been done, and he has made no admission, expressly or by implication, to estop him, he may object to submitting an issue to a party to try its truth at a subsequent term. In the case at bar, the

garnishee, by his answer, prays his discharge. The record does not show any waiver of his privilege, and the continuance by the court, or at the plaintiff's instance, cannot have that effect. The circuit court then, should not have compelled the garnishee to join in the defence.

The fact that the jury ascertained the extent of the garnishee's indebtedness to the judgment debtor, will not entitle the plaintiff to recover of the garnishee a larger sum than the amount of the judgment, with interest and costs. But the error in this particular does not authorize a reversal of the judgment—it was competent for the court below to have corrected it, and this court, in a proper case, could order the correction to be made at the costs of the plaintiff in error. [Ansley v. Pearson, et al. 8 Ala. R. 431.]

What has been said sufficiently indicates the error of the circuit court, and the judgment is consequently reversed.