MARSTON *vs.* CARR.

1. It being made to appear to the Judge of the County Court, that his son is beneficially interested in a cause pending before him, he makes an order for its transfer to tne Circuit Court, where the parties afterwards join issue and proceed to trial: *Held*—1. That the act of 1831 is a sufficient warrant for the transfer. 2. That the joinder in issue and going to trial in the Circuit Court is a waiver of objection. 3. Can the objection be made upon writ of error, or should not the party objecting have prayed a mandamus to rescind the order?—QUERE.

2. Where a plaintiff in garnishment, during the term at which the answer of the garnishee is filed, makes affidavit of its incorrectness, it is a sufficient initiation of the contest, provided for by the statute, without an issue being then formed.

3. In a contest between the creditor and garnishee of a debtor, if the garnishee voluntarily joins issue and goes to trial, it is a waiver of any previous irregularity in the proceedings.

4. An affidavit of the incorrectness of the answer of a garnishee is all that is necessary to the regularity of an issue in a contest between him and the creditor.

5. Where a garnishee answers that certain effects, which he admits are in his hands, are going to the debtor of the plaintiff or to the heirs of F., but that he is informed the debtor has no interest in them, except as the agent of the heirs of F., no judgment can be rendered upon the answer; but the heirs of F. should be summoned to contest with the plaintiff the fact of the garnishee's indebtedness.

6. In a contest between the creditor and garnishee of a debtor, the debtor is *prima facie* an incompetent witness for the garnishee.

7. The possession by a garnishee of promissory notes and title deeds to real estate, in which the debtor has an interest, will not authorise the rendition of a judgment against him.

Error to the Circuit Court of Mobile. Tried before the Hon. John Bragg.

THE defendant in error made affidavit that William D. Primrose was indebted to him by judgment in the County Court of Mobile, in the sum of $2333, and that execution had issued and been returned no property, &c.; whereupon a summons of garnishment was served on the plaintiff in error, his alleged debtor, returnable to the February term 1846 of said court.— The garnishee at the same term filed his answer, in which he stated that he made an arrangement with said Primrose, by

which, for certain stipulated services, he agreed to allow the one third of the recovery that might be had in a law suit against one A. W. Gordon, which suit he subsequently compromised with said Gordon, and received from him the title to certain real estate in Mobile, and several promissory notes, and that he was ready and willing to account to whoever should be adjudged entitled to said one third of real estate and notes, but has been informed that said Primrose is not entitled to it in his own right, the services rendered at the time by him being rendered as the agent of the heirs of Favre, whose names he mentions. An issue was made up on this answer and tried by a jury, who returned a verdict in favor of the garnishee, but the verdict was set aside by the court, and being informed that the son of the judge was the assignee of the judgment against Primrose, the case was transfered to the Circuit Court of Mobile. At the fall term 1847 of the Circuit Court, the garnishee filed an additional answer by leave of the court, in which he states that he has been informed that said Primrose really has no interest in or claim upon the real estate and evidences of debt mentioned in his first answer, except as the agent or attorney of the heirs of Simon Favre, and that he is not aware that he is indebted to or has any effects or property of said Primrose in his hands, &c., except as above stated.— The additional answer admits the collection of three thousand dollars on the notes received in the compromise of the law suit, but insists that it was the understanding that the expenses attendant upon the suit were to be paid out of the first collections, that the garnishee has thus appropriated all but one or two hundred dollars of the amount collected, and that the expenses yet unpaid will require more than that balance to defray them. The plaintiff at the same term filed an affidavit denying the truth of this additional answer. The cause was continued until the spring term 1848, when a suggestion of the incorrectness of the answer was filed by the plaintiff, which the garnishee demurred to, and the demurrer was sustained. The garnishee then moved to be discharged, but his motion was overruled. An issue was then made up under the direction of the court, to try " whether or not the garnishee, Charles A. Marston, was indebted to the defendant in execution, William D. Primrose, at the time of the service of the summons

of garnishment." The garnishee in the course of the trial offered to introduce said Primrose as a witness, but the plaintiff objected, and the court excluded him. The plaintiff adduced evidence tending to show the incorrectness of the garnishee's answer, and the garnishee, other evidence conducing to establish its truth. Several charges were asked by the garnishee, which the court refused to give, the second of which was, that the jury could not under any circumstances give a verdict for a promissory note or notes, or the amount or value of a third part thereof, unless the same have been collected, nor for the value of real estate undisposed of. To the several rulings of the court, and its refusal to charge as requested, the garnishee excepted, and now assigns them as error.

BLOUNT & HAMILTON, for plaintiff in error:

1. The suggestion of the plaintiff in execution was filed long after the term of the court at which the contested answer was made, and under the decision of this court, should not have been allowed. 8 Ala. Rep. 811; 9 ib. 223; 12 ib. 615.

2. The proper mode of contest, if any error permitted, was not by an issue with the garnishee, but with the parties for whom it was alleged the judgment debtor, Primrose, was acting, and who appeared to be the real owners of the property in Marston's hands, to-wit, the Favres. 4 Ala. Rep. 385; 14 ib. 667; 2 ib. 177; 15 ib. 66.

3. Under the facts disclosed by the record, the judgment creditor has entirely mistaken his remedy : it is something other than a summons of garnishment. This court has ruled that judgment in process of garnishment follows only when there appears a subsisting debt or a money demand. 6 Porter, 365; 2 Ala. Rep. 526; 11 ib. 273; 1 ib. 421; 5 ib. 648; 15 ib. 183. No judgment, then, should have been rendered for the notes of James, in the hands of the garnishee, nor for the real estate in his possession. And for the same reason, the court erred in refusing to charge the jury that unless this property had been converted into money, the verdict should be for the defendant.

4. It is suggested that Primrose's testimony might well have been admitted. It is true, he is the defendant in the judgment, which the court says is within the spirit of the act

of Assembly, though not within the letter; but he was also the agent of the Favres. His principals have a right to his evidence, unless positively prohibited, and great injustice might be done them. The matter occurred before the passage of the act. 12 Ala. Rep. 592; 14 ib. 164-5; 9 ib. 744.

5. It is also submitted that the court erred in rendering judgment for interest against the garnishee. By the process of garnishment in this case, the money was stopped in the hands of the garnishee; he could pay to neither party in safety. 4 Mass. 170.

W. G. JONES, for defendant in error:

1. The son of the presiding Judge of the County Court being beneficially interested in the case, it was the duty of the Judge to transfer the case to the Circuit Court. Clay's Dig. 298 § 10.—2. The garnishee admits an indebtedness in effect to Primrose, at least to the extent of one-third of the money paid by Gordon to the garnishee. What he states in reference to the claim of the heirs of Favre, is not sufficient to prevent a judgment against him. Baker v. Moody, 1 Ala. Rep. 315; Mann v. Buford, 3 ib. 312.—3. The answer of the garnishee may be contested though it states that another person claims the debt. Wyatt v. Lockhart, et al. 9 Ala. 91; Foster, Nostrand & Co. v. Walker, 2 Ala. Rep. 177; Fortune v. The State Bank, 4 ib. 385; Moore v. Jones, 13 ib. 302.—4. A joinder in issue on the truth of the answer of the garnishee is a waiver of any previous irregularity. Hazard adm'r v. Franklin, 2 Ala. Rep. 349.

5. The second charge asked by the garnishee was properly refused, because it is too broad, and in the broad general terms in which it was asked, it is not law. There certainly were circumstances under which the garnishee would be liable for the amount of the notes refered to, though they had not been collected, and for the agreed value of the land refered to though it had not been sold; as for example, if the garnishee had agreed to take the notes or land as his own, and pay Primrose a specified sum of money for his share or interest in them. For aught that appears, this was the case here. If indebitatus assumpsit will lie, a garnishment will lie. Walker v. McGehee, 11 Ala. 273—it will

Marston v. Carr.

lie on an executed contract for lands. Butler v. Lee, 11 Ala. 885; Strickland v. Barns, 14 Ala. 511.

6. Primrose being defendant in execution, was incompetent to testify for Marston in this case, under the statute of 1845, as construed by this court. Brumby v. Langdon, 10 Ala Rep. 747; Carville v. Stout, 10 ib. 796; Scott, Slough & Co. v. Stalsworth, 12 ib. 25–28.

7. Interest was properly allowed against the garnishee under the circumstances of this case. He had contested the claim. The presumption is he used the money. There was no evidence that he had offered to-pay it, or was ready to pay it, or had brought it into court. Under these circumstances he is chargeable with interest. Templeman v. Fauntleroy, 3 Rand. Rep. 434–446; Curd v. Letcher, 3 J. J. Mar. (cited in 1 Pirtle's Dig. 538, § 55;) Chase v. Manhart, 1 Bland Rep. 333; (cited in 2 Maryland Dig. 629, § 46;) Kirkman v. Vanlier, 7 Ala. Rep. 217.

COLLIER, C. J.—1. The Act of 1831, which authorises the Judge of a County Court, who is related to "any of the parties" to a suit pending in his court, to transfer the same to the Circuit Court of the county, we think is a sufficient warrant for the order of transfer in this cause. But if the order was made without a legal warrant, yet as it was acquiesced in, and a trial had in the Circuit Court, the objection of the garnishee comes too late: Besides, can the objection be made upon writ of error—should not the garnishee have prayed a rescission of the order by *mandamus?*

2. It is provided by the Act of 1833, that "the defendant may, in all cases, show by competent testimony, that a garnishee is indebted to him in a greater amount than he is willing to admit on oath:" *Further,* "the plaintiff wishing to controvert the garnishee's answer, may do so by making an oath, that he believes the same to be incorrect; whereupon, an issue shall be formed and tried as in other cases."—Clay's Dig. 60, §§ 24–25. In Graves v. Cooper, 8 Ala. Rep. 811, it was held to be irregular to permit the defendant, when his debtor is summoned as a garnishee, to contest the answer of the latter, unless this is done at the term of the court, when the answer is filed, or unless an order is then made, giving time for that

26

purpose. It has been decided in a subsequent case, that the sections of the statute which provide for the contestation of the garnishee's answer by the plaintiff or defendant, are not materially variant, and if the law be as we have stated it, when the answer is controverted by the defendant, it should be administered with the same strictness as applied to the plaintiff. The same reasoning applies with equal force to each. Lockhart v. Johnson, 9 Ala. Rep. 223; see also McDaniel v. Reed, 12 Ala. Rep. 615; Twelves & Co. v. Lodano, 15 ib. 732. The bill of exceptions distinctly affirms, that at the term at which the garnishee filed his amended answer, the plaintiff's attorney filed an affidavit of its incorrectness. This was a sufficient initiation of a contest as provided for by the statute, and the cases cited do not require that the issue shall be made up (if the affidavit is filed in time,) previous to the term when it is submitted to a jury for trial. The affidavit gives sufficient notice to the garnishee, prevents all surprise on his part, and the issue may be made up afterwards, under the direction of the court.

3. It appears that there was an issue, trial and verdict, upon the first answer, and that the verdict was set aside. Whether this answer was contested in due time, even if the objection could now be made, is wholly immaterial. By joining in the issue and voluntarily going into the trial, the regularity of the proceedings was conceded. So, that whether we have reference to the issue upon the first or second answer, the garnishee cannot object that the issue was not formed in proper time. The suggestion of the plaintiff found in the transcript affirms, that the garnishee had in his possession, at the service of the garnishment, " real estate, land, personal estate, goods, chattels, effects and property of other description of William D. Primrose, and was indebted in the sum of ten thousand dollars to the said William D. Primrose, which said property and sum of money was, and is, properly subject to the payment of his demands," &c. It is unimportant what disposition was made of the suggestion, whether it was sustained or adjudged bad on demurrer or motion to strike out; the judgment entry shows that the issue was framed so as to try the question of the garnishee's indebtedness, and this is quite sufficient. Both the affidavit and suggestion (if the latter be

necessary,) deny the truth of the garnishee's answer, and nothing more is essential to the regularity of the issue.

4. In Baker v. Moody 1 Ala. Rep. 315, the garnishee admitted that he had in his hands a certain sum of money received for the use of the defendant in the judgment; that the latter had stated in his (garnishee's) presence, the money was to go to D. D., but on what account garnishee did not know : *Held*, that it did not appear that D. D., had any title to the money, or that the defendant did not intend to pay it to him in discharge of a debt, and therefore, a judgment against the garnishee was correct. So it has been decided that a garnishee is not required to state the fact or validity of the assignment of a note he gave to the defendant ; he may state that he has been notified by a third person that he is the assignee; and it then rests with the plaintiff to contest the fact of the assignment by an issue under the statute,—Foster, Nostrand & Co. v. Walker, 2 Ala. Rep. 177; see also Fortune v. The State Bank, 4 ib. 385, in which it was said, that if the plaintiff desired to proceed further against the garnishee, he should contest his answer and submit an issue to the jury: *Further*, the Act of 1840, "to amend the law in relation to garnishment" requires a notice to be given to a person, who is shown by the answer to set up a claim to the debt or property in respect to which the garnishment issued, by virtue of an assignment. (Clay's Digest, 63, § 40.) This statute being beneficial in its provisions should receive a liberal construction, and embrace not only a transfer by writing or orally, but apply to all cases where a third person is disclosed as the proprietor of the debt or demand. In Evans v. Norman, 14 Ala. Rep. 662, this construction of the Act of 1840, was reasserted, and it was decided that where a garnishee disclosed the name of a third person as the endorsee of a note, the proceeds of which he had collected, it was not competent to render a judgment against the garnishee, until the endorsee had been summoned or two notices had been returned "not found." The same liberal interpretation of the Act was maintained in Moore v. Jones, 13 Ala. Rep. 296, and it was added that within its spirit and meaning, one may be said to be the transferee of a debt, whom the garnishee states claims it as his own, and he is unable to determine whether such person or the plaintiff's deb-

tor is entitled to receive it. In the case at bar, the garnishee states that he has been informed that one-third of the property and money to which he refers in his answer, is going to Wm. D. Primrose, or the heirs of Simon Favre, whose name he discloses; that Primrose has no interest or claim in, or to the same, except as the agent of the heirs of Favre. Whether this information is true or false, garnishee cannot state. The garnishee is not aware that he is indebted to Primrose, or that he has any of his effects in his hands, or under his control. Here is no distinct admission of indebtedness to the defendant in the judgment, nor can it be predicated of the facts disclosed. True the defendant admits that he has in his possession some real property, promissory notes, and it may be a small sum of money; but he does not know that Primrose has any interest in it—in fact he has been informed that he has none, except as the agent of Favre's heirs. Upon this answer, it is clear that no judgment could be rendered against the garnishee. Within the equity of the statute of 1840, the heirs of Favre must be regarded as assignees, and should have been summoned to contest, with the plaintiff, the indebtedness of the garnishee. The cases cited are so conclusive upon the point that it is unnecessary to add more.

6. Primrose was, *prima facie* at least, an incompetent witness. The case of Scott, Slough & Co. v. Stallsworth, 12 Ala. Rep. 25, is decisive of this question, and is not in any manner affected by Dye v. Easley, 14 Ala. Rep. 158.

7. The second charge which the garnishee prayed was within the issue, appropriate to the facts, and should have been given. It merely asserted that if the garnishee had in his possession, promissory notes, or was the depository of the legal title to real estate, to the proceeds of both of which the defendant in the judgment would be entitled when realised, no judgment could be rendered against the garnishee for the collected notes, or the unsold land. See Smith v. Chapman & Brother, 6 Port. Rep. 365; Jones v. Norris 2 Ala. Rep. 526; Blair v. Rhodes, 5 ib. 648, and many other cases.

It can hardly be necessary to enquire whether the garnishee is chargeable with interest upon the sum, which the jury have affirmed he is indebted to the defendant in the judgment. Judging from the facts, we should think this question will not

be likely to arise upon a future trial; see, however, Kirkman, et al. v. Vanlier, 7 Ala. 217; Boyd v. Gilchrist, 15 Ala. 849.

We will not stop to consider the remaining charges prayed, as attention to the facts and points we have determined, will most probably prevent the same questions from being again raised. We have but to declare that the judgment must be reversed, and the cause remanded.