# Ex parte Opdyke, Terry & Steele.

## Application for Mandamus.

1. *Mandamus; when will not lie.*—While the statute, authorizing the garnishee to set up in his answer the claim of a third person, and providing the mode in which such claimant may contest with the plaintiff the right to the debt, contemplates that the claimant will appear at the term of the court to which he is cited and then propound his claim, there is nothing in the terms or purposes of the statute which excludes the power of the court to enlarge the time of propounding the claim or to continue the cause, with leave to propound the claim at a succeeding term. Whether or not this shall be done must be left to the sound discretion of the court, and the exercise of that discretion will not be controlled by *mandamus*.

This was a motion for a *mandamus* directed to the Circuit Court of Henry county, compelling that court to render judgment in a certain cause pending therein.

The facts may be stated as follows: At the Spring term, 1876, of Henry Circuit Court, Opdyke, Terry & Steele recovered a judgment against one Henry Wechsler, and soon after garnishment on said judgment was issued against M. W. Kelly & Bro., and at the Fall term, 1876, they answered, admitting an indebtedness, evidenced by two promissory notes, and disclosing that one of these notes was claimed by one A. Cohen, a citizen of New York, and the other by one Isaac Stuerman, who resided in the city of Eufaula. Thereupon the court ordered notice to be served on Stuerman and publication to be made as to Cohen, and the cause was continued. At the Spring term, 1877, the garnishees obtained leave to file an amendment to their answer, suggesting that since the filing of their answer they had been notified that Cohen had transferred the note held by him to one Levi Morris, also a citizen of New York, and that John McNab had become the owner of the note formerly held by Stuerman. Upon the filing of this amendment, the court ordered notice to be served on McNab, and Morris appeared by attorney, and the cause was continued. At the Fall term, 1877, when the case was regularly reached, no claim had been filed by any person to either of the notes, and the plaintiff moved for judgment. The court refused the motion, and at the instance of the attorney for Morris granted him further time to answer, and the plaintiff excepted. Henry R. Shorter, as the attorney of Morris, then filed a claim, verified by himself, to said note.

To this the plaintiff objected, on the ground that the claim was not properly verified, and again moved for judgment against the garnishees as to the note claimed by Morris, but the court refused to give them judgment and admitted the claim of Morris, as verified by his attorney, to the files, and plaintiff excepted.

The business not being disposed of at the regular Fall term, 1877, the court ordered an adjourned term to be held on the following week. At this adjourned term, Stuerman appeared and filed with the clerk of the court his claim to the note, without the knowledge or consent of the plaintiffs. At the Spring term, 1878, the plaintiffs made a written motion to strike from the files the claims of Stuerman and Morris respectively, on the ground that they were not propounded within the time prescribed by law, and for judgment against the garnishee. After the adjournment of the Fall term, 1877, and before the commencement of the Spring term, 1878, Morris had, in vacation, filed a claim verified by himself. The court struck the claim of Morris, verified by his attorney, from the files, and refused to strike out his claim as verified by himself and filed in vacation, or to strike out the claim of Stuerman, and refused to give judgment for the plaintiffs. The plaintiffs now apply to this court for a *mandamus* to compel the Circuit Court to render judgment in their favor, and to strike from the files the claims of Morris and Stuerman.

WILLIAM C. OATES, for the motion.

HENRY R. SHORTER and JAMES L. PUGH, *contra.*

BRICKELL, C. J.—When a garnishee by his answer, or after answer and before judgment thereon, alleges that he has been notified a third person claims the debt owing by him, or the property in his possession, which it is sought to reach by the garnishment, it is the duty of the court to sus-pend proceedings, and cause a notice to issue to such third person to come in at the next term of the court and contest with the plaintiff the right to the debt or property.—Code of 1876, § 3301. On the appearance of such claimant he must, in writing and under oath, propound his claim, and an issue of law or fact must be formed between him and the plaintiff in the garnishment.—Ib. § 3303. It is optional with such claimant whether he will enter into a contest with the plain-tiff; the court can not compel him into it. All that the court has power to do, if he does not propound his claim, is to spread his default on the record, and proceed to judgment

as if the existence of the claim had not been suggested.—
*Evans v. Norman*, 14 Ala. 662. When he propounds his
claim, and an issue is formed between him and the plaintiff,
while it is collateral to the garnishment proceeding, it is
in many respects a distinct and independent suit, and from
the judgment rendered therein an appeal lies, the parties to
which are the plaintiff and claimant only ; and in the costs
which may be incurred, the defendant in the judgment or
attachment, and the garnishee, are without interest and
without liability.

The writing verified by the claimant serves the purposes of
pleading, and the burden of proof rests upon him to support
it.—*Camp v. Hailer*, 11 Ala. 151. Though the statute con-
templates that the claimant will appear at the term of the
court to which he is cited, and will then propound his claim,
there is nothing in its terms which excludes the power of the
court to enlarge the time of propounding the claim, or to
continue the cause, with leave to propound it at a succeed-
ing term. Such power the courts of this State have exercised
since their organization, and it is essential to the proper
administration of justice that they should be clothed with it.
The matter rests in the sound discretion of the court, and its
action is not revisable.

Preceding sections of the same article of the Code author-
ize the plaintiff or defendant in the garnishment, to contro-
vert the answer of the garnishee at the term it is made ; and
an issue must be formed under the direction of the court,
stating the particulars in which the answer is averred to be
untrue.—Code of 1876, §§ 3299–3300. These are pre-existing
statutory provisions re-enacted in the Code. The construc-
tions which they have received, is, that the answer must be
controverted at the term it is made. But it is apparent,
when the cases are carefully examined, that it was not in-
tended to deny the court had power, by an order, to enlarge
the time for controverting the answer and forming the issue.
*Graves v. Cooper*, 8 Ala. 811 ; *Lockhart v. Johnson*, 9 Ala. 223 ;
*Marston v. Carr*, 16 Ala. 325. It would be an anomaly in
the practice of the courts, which the statutes were not in-
tended to produce, to disaffirm in case of a claimant in a
garnishment proceeding, the power of the court recognized
in all other proceedings, to enlarge the time of pleading to
the merits, and to continue causes that such pleading may
be introduced. The exercise of the power rests, as we have
said, in the discretion of the court, and its action is not revis-
able. The application must be overruled.