# Donald Brothers & Co. *v.* Nelson & Sons.

## *Attachment and Garnishment.*

1. *Issue and service of garnishment.*—In an action commenced by original attachment, the sheriff may execute the writ by summoning a person as garnishee (Code, §§ 2945–6), himself signing the summons officially, and indorsing the service on the attachment; but the clerk has no authority to issue a summons in garnishment, directing the sheriff to summon certain named persons as garnishees; and such process being void, when no writ of attachment has been issued, its service by the sheriff is also unauthorized and void.

2. *Defects available to garnishee.*—A garnishee can not take advantage of mere irregularities in the attachment proceedings; but, when the writ is void, or the garnishment process is issued by an officer without authority, or the service thereof is unauthorized and void, he may take advantage of these defects by plea in abatement.

3. *Filing pleadings; what is revisable.*—Leave to file a replication to a plea in abatement, after the expiration of the time allowed by the rules of practice, rests in the discretion of the court, and its refusal is not revisable.

4. *Contest of garnishee's answer denying indebtedness.*—When the answer of a garnishee denies any indebtedness, and his answer is contested by the plaintiff in attachment, the issue of indebtedness *vel non* does not go beyond the service of the garnishment, though evidence of a prior indebtedness might be relevant and admissible under an issue properly formed.

5. *Summons of third person, as claimant, or transferree.*—When the

answer of a garnishee, admitting an indebtedness or liability, further states that a third person claims the debt, money or property (Code, §§ 2984–87), the plaintiff must bring in such adverse claimant by summons or notice, and can not try his right by contesting the answer of the garnishee.

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. WM. E. CLARKE.

FAITH & ERWIN, for appellants, cited *Security Loan Asso. v. Weems,* 69 Ala. 668; *Jackson v. Hailey,* 9 So. Rep. 650.

PILLANS, TORREY & HANAW, *contra,* cited Waples on Attachments, 151; Code, § 2946; *Nesbitt & Ware v. McClanahan,* 30 Ala. 68; *Curry v. Woodward,* 50 Ala. 258; Drake on Attachments, § 451 *b,* 6th ed.

CLOPTON, J.—Appellants having made before the clerk of the Circuit Court the requisite affidavit and bond to obtain an attachment against the estate of James Nelson & Sons, the clerk, without isuing an attachment writ, issued a garnishment process, directed to the sheriff, and commanding him to summon W. H. Leinkauff & Sons as garnishees. The process having been served, the garnishees appeared and filed pleas in abatement, setting up that no attachment was issued, and that the sheriff was without authority to serve the summons of garnishment. Plaintiffs first moved to strike out the pleas, and then demurred; both the motion and the demurrer were overruled. On a subsequent day, the garnishees were, on their motion, discharged upon their pleas in abatement, no replication thereto having been filed, nor issue taken thereon, within the time required by the rules and practice of the court. During the hearing of this motion, plaintiffs asked leave to file a replication, which was refused. The exceptions to these several rulings constitute the first four assignments of error.

1. Section 2945 of the Code provides, that attachments may be levied on the real estate or personal property of the defendant, or may be executed by summoning any person indebted to him, or liable to him on a contract of either of the kinds specified, or having in his possession or under his control any money or effects belonging to the defendant. Under the statute, garnishment is a mode of levying an original attachment. The sheriff can not make a valid levy on real or personal property, or by garnishment, without having in his possession the attachment authorizing it. His power and duty arise when the attachment is placed in his

hands; until then, he has no authority to act, and becomes a trespasser if he seizes the property of the defendant. The issue of the attachment and possession by the sheriff are essential pre-requisites to a valid execution by service of garnishment. No attachment having been issued, the service of the garnishment process was unauthorized and void. *Wales v. Clark,* 43 Conn. 183; Drake on Att. § 183*a.*

The attachment must be levied by the officer to whom the writ is directed; and when executed by garnishment, the officer serving must officially sign as well as serve the summons, requiring the garnishee to appear within the time and answer as to the matters prescribed in section 2946; and indorse such service on the attachment writ. Garnishment is a statutory proceeding, and can be issued only in the cases and by the officer authorized by statute. The clerk has authority to issue a garnishment in aid of ·a pending suit, or on a judgment, or in cases in which the process is merely auxiliary; but such authority is not conferred, when it is resorted to as a mode of levying an original attachment. The clerk is as much without authority to direct or command the sheriff to execute the attachment by summoning any particular person as garnishee, as he is to direct or command on what property the sheriff shall levy. His authority ceases with the issue of the attachment; he is not authorized to do any act thereafter in reference to, or involving the levy. It follows that the garnishment process issued by the clerk, and the service thereof, are nullities.

2. A garnishee can not avail himself of irregularities in the attachment proceedings; but when the writ is void, or the garnishment process is issued by an official without authority, or the service is invalid because of the non-existence of an attachment, the objection is available to the garnishee, and any available defects in the process may be taken advantage of by plea in abatement.—*Flash, Hartwell & Co. v. Paul, Cook & Co.,* 29 Ala. 141; *Curry v. Woodward,* 50 Ala. 258.

3. Leave to file a replication to a plea in abatement, after the expiration of the time allowed by the rules of practice, rests in the discretion of the court, the exercise of which is not revisable.—*Reed Lumber Co. v. Lewis,* 94 Ala. 627.

4. During the foregoing proceedings, after the filing of the pleas in abatement, and before the discharge of the garnishees, plaintiffs obtained, under an order of the court, the issue of an attachment based on the original affidavit and bond, which was executed, December 15, 1890, by the service of another summons of garnishment on Leinkauff &

8

Sons. The garnishees answered in writing denying indebtedness, and on subsequent oral examination in court, required by plaintiffs, stated that on February 5, 1890, the captain of the steamer *Spindrift*, of which James Nelson was agent, deposited with them $5,580 in lieu of a bond which they had made at the custom-house for the steamer, and that they were informed that the Highland Scott Steamship Company claimed the money. Thereupon, plaintiffs filed an affidavit for the purpose of contesting the answer. The affidavit and the issues were stricken out, on motion of the garnishees, on the ground of its insufficiency; and plaintiffs declining to proceed further, the garnishees were discharged. The affidavit states that, in the belief of affiant, the answer of the garnishees is untrue in this, that they were indebted, on the 14th of June, 1890, when the first garnishment was served on them, to James Nelson & Sons, and that the money deposited with them was the money of the defendants in attachment.

Section 2981 of the Code provides the mode by which a contest of the answer may be initiated: "The plaintiff, his agent, or attorney, may controvert the answer of the garnishee, by making oath, at the term the answer is made, that he believes it to be untrue ; and thereupon an issue must be made up, under the direction of the court, in which the plaintiff must allege in what respect the answer is untrue." Had the affidavit stated generally that the affiant believes the answer of the garnishee to be untrue, without more, it would have been sufficient, under the statute, to inaugurate a contest. But it does not stop here; it proceeds to allege the particular respect in which the answer is untrue—that is, that the garnishees were indebted on June 14, 1890, to James Nelson & Sons; thus presenting an immaterial issue. The garnishees were required to answer only as to indebtedness at the time of the service of the garnishment, or at the time of making their answer, or at any intervening time. Code, § 2946. The garnishees may have been indebted several months prior to service of the garnishment, and yet not have been indebted at the time of the service. Whether or not there was a prior indebtedness, is not the issue to be found on such contest; though evidence thereof may be admissible, in connection with proof of its continuance, on a proper issue. In this respect, the affidavit was insufficient.

5. When a third person claims the debt or demand, or the money or effects, which by his answer the garnishee admits to be due, or in his possession, and he so informs the

[Donald Brothers & Co. v. Nelson & Sons.]

court by his answer, it becomes the duty of the court to suspend proceedings against the garnishee, and cause a notice to issue to such person to appear at the next term, and contest with the plaintiff the right to such debt, money or effects.—Code, § 2984. Prior to the enactment of 1840, which is substantially incorporated in section 2984 of the Code, the only mode by which the plaintiff could contest the validity of the transfer of the debt or effects was by controverting the answer of the garnishee, and if the issue was found in favor of the plaintiff, judgment was rendered against the garnishee. As the judgment was not conclusive on the claimant, he not being a party to the contest, the garnishee was exposed to a double liability. To remedy this evil, the act of 1840 was enacted. Since its enactment, the garnishee may protect himself against a double liability, by informing the court by his answer, or at any time before final judgment against him, that he has been notified that another person claims the debt, money or effects. In such case, judgment can not be rendered against the garnishee on his answer, until notice is served on the claimant, and the issue found in favor of the plaintiff on a contest with the claimant, or unless he is in default, or, if a resident, two notices are returned "not found."—Code, §§ 2985, 2987. The plaintiff can not compel the garnishee to contest the validity of the claim of such third person, by controverting his answer. The garnishees having informed the court by their answer that a third person claimed the money deposited with them by the captain of the steamer, no judgment could be rendered against them on their answer at that time. *Moore v. Jones*, 13 Ala. 296; *Ex parte Opdyke*, 62 Ala. 68; *Foster v. Williamson*, 52 Ala. 16. The court having properly striken out the affidavit as being insufficient, and the plaintiffs having declined to proceed further, and to contest with the claimant the right to the money, the garnishees were entitled to a discharge.

Affirmed.