# Lindsay *v.* Morris, *et al.*

### Contest of Garnishee's Answer.

1. *Contest of garnishee's answer.*—Where under Code 1886, § 2981, an affidavit of contest of a garnishee's answer has been filed at the same time as the answer, and the cause is then continued, the court may at a subsequent term allow an issue to be made up, under its direction, on such contest.

2. *Judgment on answer of garnishee.*—An answer of a garnishee which refers indefinitely to a bill of sale executed by the defendant in attachment to, or for, the use of the garnishee, and others, but the particulars of which, and the property embraced by it, are not shown, and which was executed prior to the suing out of plaintiff's attachment, and it not being disclosed in the answer that plaintiff was an existing creditor of the defendant in attachment when the bill of

[Lindsay v. Morris et al.]

sale was executed, and no facts being stated from which it can be inferred that the sale was actually fraudulent, will not support a motion for judgment on the answer.

3. *Tender of issue on garnishee's answer.*—Under Code 1886, § 2981, the tender of issue must allege a state of facts showing a liability on the part of the garnishee to the defendant or possession of property by the garnishee belonging to the defendant, and these facts must be so stated that a definite issue can be joined thereon.

4 *Same; case at bar.*—Where under Code, 2981, which requires plaintiff to allege, in the issue tendered the garnishee, in what respect the latter's answer is untrue, the plaintiff, in attempting to set aside a bill of sale from defendant to garnishee, by contest of their answer "not indebted," failed to allege that he was a creditor of defendant at the date of the bill, or that the bill of sale was intended to defraud creditors, the amount or nature of garnishee's debt, or how evidenced, or what property of defendant's garnishee had; but did allege that the bill of sale was never accepted by all the vendees named, and that it required a precedent release or impairment of their existing rights by those accepting its benefits; thus applying to it the conditions of the ꞏ ode applicable to instruments given for the security of debts but not alleging this bill to be other than absolute; the issues tendered were insufficient.

5. *Same; in general form.*—A tender of issue in general form, on the contest of a garnishee's answer, which alleges that the garnishees are indebted to the defendant or have property in their hands belonging to him, is defective under the statute, Code, § 2981, in that it does not set forth the amount of the indebtedness, or nature thereof, or how evidenced, or what property of the defendant the garnishees have in their possession, but such tender is not frivolous, and, if not objected to by special demurrer, is sufficient to try the case upon; if demurred to, it may, under the direction of the court, be amended.

APPEAL from the City Court of Montgomery.

Tried before Hon. THOMAS M. ARRINGTON.

The appeal in this case is prosecuted by David Lindsay, the plaintiff in the lower court, from a judgment rendered, granting a motion of the garnishee to strike from the file the tenders of issue made by the plaintiff. The facts sufficiently appear in the opinion of the court.

RICHARDSON & REESE, for the appellants.

HEAD, J.—At the suit of appellant, Lindsay, the appellees Josiah Morris & Co., were summoned to answer, as garnishees, what they were indebted to Samuel Hyams, the defendant in attachment. On February 25, 1892, they filed in open court, a general answer of not indebted. During the same term, on March 3d, 1892, the court made an order requiring the garnishees to appear on the next day and answer orally. They accordingly appeared, and were examined orally and their answer reduced to writing and filed. This oral answer disclosed no admission of indebtedness to, or possession of effects of the defendant, Hyams, upon which

the court could have rendered any judgment against the garnishees. It treats very indefinitely, of a bill of sale which, it seems, was executed by Hyams to, or for the use of the garnishees and others, on the 9th day of December, 1891; but the particulars of the instrument, and the property described in it, are not shown. It was executed prior to the suing out of plaintiff's attachment, and it not being disclosed by the answer that plaintiff was an existing creditor of Hyams when the bill of sale was executed, and no facts being stated from which it can be inferred that the sale was actually fraudulent, and no description of the property being given, there was nothing to support the plaintiff's motion for judgment upon the answer.

On the 11th day of March, 1892, which was during the term of the court at which the answers were filed, the plaintiff, in strict pursuance of the statute, contested their truth by filing in the cause the prescribed affidavit; and, in that condition, the cause was continued until the next term. At that term, when the cause came on for trial, the plaintiff obtained leave of the court to file, and did then file, in writing, tenders of issues to be made up, under the statute, for trial, upon the contest which had been inaugurated by the filing of the affidavit aforesaid. Thereupon, the garnishees moved the court to strike the tenders of issues from the file on two grounds. 1st, because they were not filed at the same term at which the affidavit of the contest was filed; 2d, because they did not allege wherein the answer was untrue. The court sustained the motion, and the plaintiff excepted.

We think the first ground of this motion to strike was not well taken. The statute directs that the affidavit of contest must be filed at the term at which the answer is made, and thereupon an issue must be made up, under the direction of the court, in which the plaintiff must allege in what respect the answer is untrue, and, if required by either party, a jury must be impannelled to try such issue.—Code, § 2981. It is manifest the statute does not, in terms, direct this issue to be made up at the same term the affidavit is filed; but, if such is the implication, it is not mandatory, and it was competent for the court to allow it to be made up at a subsequent term; and this the court did when it granted leave to the plaintiff to file the tenders of issue.—*Ex parte Opdyke*, 62 Ala. 68; *Beckert v. Whitlock*, 83 Ala. 123. When that was done, the court's discretion (if it be a matter of discretion, merely, which we do not now decide) was exercised, and the issues tendered and filed became properly parts of the record of the cause, and it was not allowable to strike

[Lindsay v. Morris et al.]

them out on the ground that they were not filed in time. Moreover, when the cause was continued at the previous term, there was nothing involved in it but the matter of this contest. The continuance must therefore have been granted for the sole purpose òf trying the contest at a subsequent term.

As to the second ground of the motion: As we have seen section 2981 of the Code, unlike the older statute (Clay's Digest p. 60, § 25), requires the plaintiff to allege in the issue tendered in what respect the answer of the garnishee is untrue. This requirement manifestly intends that the tender shall allege a state of facts showing a liability on the part of the garnishee to the defendant, or possession of property by the garnishee belonging to the defendant, and that these facts shall be so stated that a definite issue can be joined thereon. The effort of the plaintiff was, by the special tenders of issue he filed, to invalidate a certain bill of sale of goods executed by defendant, Hyams, to the garnishees and others, on the 9th day of December, 1891, and to subject the property thereby sold and in possession of the garnishees to the payment of his debt against Hyams. It is too clear for controversy that special allegations upon this subject, discarding the legal conclusions of the pleader, do not show the bill of sale to be invalid. In the first place, it is not alleged that plaintiff was a creditor of Hyams at the time it was executed, nor is there any pretense of allegation that the instrument was executed with intent to hinder, delay or defraud the creditors of Hyams. The only attack made upon it consists in the allegation made in the first tender of issue that it was never accepted by all the vendees named therein; and in the second original and first amended tenders, that the vendees "were required to accept said bill of sale and the security thereby provided upon its terms and conditions before participating in or receiving the security therein provided for them, and thereby to make a release and impair their existing legal rights before participating in or receiving the security therein provided for them, and that the property described and alleged to have been transferred in said bill of sale was agreed by said Hyams and by said vendees to be less in value than the debts secured by said bill of sale;" the pleader thus attempting to apply to an absolute bill of sale given in payment of a debt, the provisions of section 1736 of the Code applicable to instruments given for the security of debts. It may be that these special tenders of issue, in the shape they were presented, are and should have been treated as frivolous, and

[Lindsay v. Morris et al.]

for that reason properly stricken from the file ; but there was a tender of issue filed, general in form, which alleged that the garnishees were indebted to the defendant, or did have property in their hands belonging to him. This tender is clearly insufficient, under the present statute, in that it does not set forth the amount of the indebtedness, or nature thereof, or how evidenced nor does it set forth what property of defendant the garnishees have in their possession. But though defective in these particulars, it was not frivolous on its face. It would have been sufficient to try the case upon, if not objected to. It was capable of amendment so as to cure the omissions. The question now raised is, what is the proper practice, under the present statute, when a defective and insufficient tender of issue is filed, which is not frivolous, and which shows a substantial cause of recovery against the garnishee? Under the old statute which required simply that the issue be made up under the direction of the court, omitting the present requirement that the tender of issue must set forth wherein the answer is untrue, it was said in some of our decisions, that it was not proper to demur to the tender, as the making up of the issue was under the direction of the court who would see that it was properly made up.

Evidently the direction which the court can and must exercise relates alone to the form of the issue. It can not know what specific allegations the plaintiff desires to rely upon for a cause of action against the garnishee, and therefore can give no directions as to what those allegations shall be. That must be left to the pleader. Now, as we have seen, the statute requires the tender to set forth wherein the answer is untrue. This must be done with such degree of particularity as that a certain, definite issue can be formed thereon. It occupies very much the position of the complaint in an ordinary action. Upon due consideration, we conclude, that the proper practice, when the tender of issue is not frivolous on its face, and shows a substantial cause of recovery against the garnishee, but is defective and insufficient in the particulars of its averments, is for the garnishee to point out the defects by demurrer, so that the plaintiff may be advised of the specific objections, and be given an opportunity to obviate them by amendment. A general motion to strike them from the file gives the plaintiff no sufficient notice of what the objections are, and no sufficient opportunity to meet them by amendment. In the present case, all the tenders of issue were stricken from the file on general motion. The garnishees should have demurred,

setting forth the particular grounds of objection they relied on. For this error the judgment is reversed and cause remanded.

Reversed and remanded.