# Brake v. Curd Sinton Manufacturing Co.

## Garnishment Suit.

1. *Garnishment; contest of answer of garnishee must be verified by affidavit.*—Under section 2981 of the Code, providing that plaintiff or his attorney may controvert the answer of a garnishee by making oath that he believes the answer untrue, the traverse of the garnishee's answer, upon which a contest can be based, must be verified.

2. *Same; contest must be at term of court answer filed.*—Under the provisions of the statute, (Code, § 2981), the time allowed plaintiff to contest the answer of the garnishee does not extend beyond the term at which the answer is made, unless the court at such term grants further time.

3. *Same; recitals of judgment against garnishee.*—A judgment against a garnishee, which fails to recite the fact and amount of the judgment against the defendant, is fatally defective.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

The appeal in this case is prosecuted by J. L. Brake from a judgment rendered against him as garnishee in a suit brought by the appellee, the Curd Sinton Manufacturing Co., against R. D. Jones on a moneyed demand. The facts of the case are sufficiently stated in the opinion.

NOBLE SMITHSON and CABANISS & WEAKLEY, for appellant.—1. If the answer of the garnishee is in writing and is identified by the judgment entry, it will be considered part of the record.—*Jones v. Howell*, 16 Ala. 695. A recital in the judgment entry that the garnishee has filed an answer, will authorize this court to look to an answer found in the transcript as a part of the record. *Decatur &c. Rwy. Co. v. Crass*, 97 Ala. 519, 12 So. Rep. 43, citing, *Price v. Thomason*, 11 Ala. 875; *Fortune v. Bank*, 4 Ala. 385; *Stubblefield v. Hagerty*, 1 Ala. 38.

2. Even, if the record disclosed a regular statutory contest of the garnishee's answer, the judgment should be reversed, because the record fails to show that the plain-

tiff tendered an issue in writing.—*Lehman v. Hudmon Bros.*, 79 Ala. 532 ; *Lehman v. Hudmon*, 95 Ala. 135, 4 So. Rep. 741 ; *Cross v. Spillman*, 93 Ala. 173, 9 So. Rep. 362.

3. Proceedings in garnishment are statutory, *Lehman v. Hudmon, supra*, and no judgment could be rendered against a garnishee who had filed an answer of "not indebted" without a contest in manner and form provided by the statute. The statute requires that answer be controverted "by making oath at the term the answer is made."—Code of 1886, § 2981. The "traverse" not being sworn to should have been wholly disregarded.—*Decatur &c. Rwy. Co. v. Crass*, 97 Ala. 519, 12 So. Rep. 43. No statutory contest having been instituted at the term at which the answer was filed, the garnishee was not bound to attend court at subsequent terms. He could not be put in default for not doing so. He was entitled to his discharge.—*Donald v. Nelson*, 95 Ala. 111, 10. So. Rep. 317; *Cross v. Spillman*, 93 Ala. 170, 9 So. Rep. 362 ; *McDaniel v. Reed*, 12 Ala. 616 ; *Lockhart v. Johnson*, 9 Ala. 223 ; *Graves v. Cooper*, 8 Ala. 811.

4. The judgment is also fatally defective for not reciting the fact and amount of the judgment against the defendant.—*Faulks v. Heard*, 31 Ala. 516 ; *Gunn v. Howell*, 27 Ala. 676 ; *Chambers v. Yarnell*, 37 Ala. 400 ; *Smith v. Jackson*, 56 Ala. 26. Although the clerk has copied into the record, the judgment against the defendant rendered October 24, 1892, (the judgment against the garnishee—appellant here—having been rendered October 25, 1892), that judgment is properly not a part of this record and can not be looked to to aid the entry of judgment against the garnishee.—*Gunn v. Howell, supra* ; *Faulks v. Heard, supra*. As no contest was instituted at the term at which the answer was filed, and as no order was procured extending time for contest, the garnishee could not, and can not now, be required to join issue upon a contest at any subsequent term.—*Cross v. Spillman*, 93 Ala. 170, 9 So. Rep. 362, and authorities cited.

LANE & WHITE, *contra*.—There being no bill of exceptions in this cause, the court must look alone to the record to determine what occurred during the progress of the trial. The rendition of a judgment by a court having jurisdiction of the person can only be reversed when error is shown to have existed, and all necessary and

proper intendments to sustain the judgment of the court will be made ; and in the absence of any showing that there was no sworn contest filed, this court will presume that one was filed, in order to sustain the judgment of the court below.—*Guy v. Winston*, 1 Stew. 149 ; *Lucas v. Hitchcock*, 2 Ala. 287 ; *Eastland v. Sparks*, 22 Ala. 607 ; *Marriott & Hardesty v. Lewis*, 25 Ala. 332 ; *Cantaline v. The State*, 33 Ala. 439; *McElhaney v. Gilleland*, 30 Ala. 183 ; *Gray v. Raiborn*, 53 Ala. 40 ; *Bettis v. Saint*, 28 Ala. 214.

HARALSON, J.—The appellee brought suit in the circuit court of Jefferson county against R. D. Jones on a money demand, and, in aid of that suit, garnished J. L. Brake, the appellant. There is no bill of exceptions in this case. It is brought here for a review for errors apparent on the record.

The record discloses an answer filed by the garnishee on the 9th day of January, 1890. It denies any indebtedness by garnishee to defendant,· Jones. It also appears from the record, that plaintiff, appellee here, by its attorneys, on the 6th of February, 1890, filed a paper in the cause, styled, "Traverse of answer of J. L. Brake, garnishee," which sets up that the answer of the garnishee is untrue, and points out the respect in which it is untrue, and concludes by asking that an issue be made up "to try whether said garnishee was indebted to said defendant at the time of the service of said garnishment, or at the time of making of said answer, or at any time intervening the service of said garnishment or making said answer." This traverse of the answer, was not verified by the affidavit of any officer ·or agent of the plaintiff corporation, but is simply signed by Lane & White, without more.

The Code, section 2981, provides, that "the plaintiff, his agent, or attorney, may controvert the answer of the garnishee, by making oath, at the term the answer is made, that he believes it to be untrue ; and thereupon an issue must be made up under the direction of the court, in which the plaintiff must allege in what respect the answer is untrue." No issue, so far as appears, was made up between the plaintiff and the garnishee, at the term of the court at which the answer was made, or at any other time.

[Harper v. Campbell.]

On the 24th of October, 1892, nearly two years after the filing of the answer denying indebtedness, and without any thing more than has been above recited, on motion of the plaintiff, the court rendered a judgment by default against the garnishee, as in a suit on an open account, where the defendant failed to appear and plead, and proceeded, without intervention of a jury, to hear evidence, and assessed the plaintiff's damages at $237.82, for which amount, and costs of the proceeding, the judgment against the garnishee was rendered.

These proceedings were fatally defective. The paper filed looking to a contest of the garnishee's answer was insufficient for that purpose, if for no other, for the all sufficient one, that it was not verified, as the statute requires.—Code, § 2981; *Donald v. Nelson*, 95 Ala. 111. The time allowed the defendant to contest, under this provision of the Code, does not extend beyond the term of the court at which the answer is made; unless the court, at the time, grant further time within which the contest may be instituted; and without such an order, the garnishee can not be compelled to join in an issue at a subsequent term, unless he has expressly or by implication waived his right to a discharge. *Cross v. Spillman*, 93 Ala. 170. *McDaniel v. Reed*, 12 Ala. 616; *Lockhart v. Johnson*, 9 Ala. 223; *Graves v. Cooper*, 8 Ala. 811. *Lindsay v. Morris*, 100 Ala. 546, when properly interpreted, is not in conflict with these rulings.

The judgment rendered against the garnishee is further defective and erroneous, in that it fails to recite the fact and amount of a judgment, against the defendant. *Chambers v. Yarnell*, 37 Ala. 400; *Faulks v. Heard*, 31 Ala. 516; *Gunn v. Howell*, 27 Ala. 676; *Whorley v. M. & C. R. R. Co.*, 72 Ala. 20.

The judgment is reversed, and an order will be here entered, discharging the garnishee.

Reversed and rendered.